Thelma JONES, Appellant,

v.

MADISON COUNTY and the Madison County Board of Supervisors, Appellees.

No. 91–1915.

Supreme Court of Iowa.

Nov. 25, 1992.

Thomas A. Krause, Legal Services Corporation, Des Moines, for appellant.

A. Zane Blessum, County Atty., for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

The appellant requested financial assistance from the county after she was advised that her monthly pension check exceeded the amount for her to qualify for medical assistance under Medicaid (Title XIX) program, yet was not enough to pay for the cost of her care in a nursing home. The Madison County supervisors denied the request. The appellant contends that in so doing, the county violated the state law requiring the county to provide general relief to her, and also violated federal constitutional law requiring that the county provide procedural due process of her claim.

### I. *Background.*

Thelma Jones, now seventy-two years old, entered a nursing home, Bethesda Care Center (Bethesda), in Winterset, Iowa, on July 19, 1990, where she shared a room with her ninety-seven-year-old mother. Previously she had been living on her own in Washington, D.C. She had retired from federal employment and was receiving gross monthly income of $1301 from her federal pension.

Bethesda initially charged Jones the private pay rate of $1700 per month for nursing home care. Later, the nursing home agreed to charge her the lower Medicaid reimbursement rate of $1455 for a thirty-day month.

Recognizing her monthly income was insufficient to meet the cost of her nursing home care, Jones applied on July 20, 1990, to the Iowa Department of Human Services (DHS), for public assistance under the Medicaid program. Her request was denied because her pension income was over the supplemental security income (SSI) limit of $1158. She requested administrative review and a hearing was held. Following the hearing, an administrative law judge affirmed the department's action. Jones then appealed the decision to the director of DHS. She requested the director grant her an exception to the income eligibility limitation. This request was denied on November 8, 1990, and no further appeal was taken by Jones.

On February 13, 1991, Jones filed with Madison County an application for general relief. The director of the general relief program notified Jones by letter on February 26, 1991, that her application had been denied and that the county did not have any money budgeted for nursing home care. An appeal from this decision was taken.

Counsel for Jones contacted the director and urged that his client qualified as a "poor person" and that the county was required to provide assistance. At his request, he was furnished a copy of the Madison County general relief guidelines.

The Madison County Board of Supervisors (county board) had previously adopted written guidelines relating to general relief. The guidelines provided in part:

I. *Purpose and General Procedures.*

The County General Relief Program is designed to provide temporary assistance to low income families and individuals who are not eligible for other forms of assistance....

These written guidelines are intended to assist with the determination of eligibility for General Relief assistance, however, the director does have the discretion to make exceptions in unusual situations.

Authority for the general relief program is established under chapter 252 of the Code of Iowa.

. . . . .

III. *Objective.*

A. To provide assistance to needy residents of the county on a fair and consistent as well as a temporary basis. This program is not meant to aid on a long-term basis, but is meant to aid in emergencies and in extenuating or dire situations.

B. To recognize budget limitations of the program and to operate within those limitations.

. . . . .

VII. *Eligibility Guidelines.*

A. Eligibility will be determined from the application completed by the applicant. Eligibility will be dependent upon income and participation in other programs, as well as resources and Veterans status.

. . . . .

G. ... Whenever an applicant has access to cash, he will be expected to utilize this cash prior to any assistance.

The guidelines listed various types of aid that could be provided to a qualified applicant. They provided a limitation on assistance given through the general relief program to $1000 per person. The guidelines adopted the definition of "poor" or "poor person" as used in Iowa Code section 252.1 (1991). The guidelines were adopted as general rules for the purpose of determining the relief to be provided for persons within the county.

A hearing upon the appeal was held before the county board on March 22, 1991. Counsel appeared for the applicant Jones. Following this hearing, Jones was notified the county board had denied her request for assistance under the guidelines.

Unsatisfied with the county board's decision, on May 24, 1991, Jones filed a petition for judicial review in district court. She requested the court issue a stay of the county board's decision. She stated her monthly pension income was less than her monthly costs of care in Bethesda and that the nursing home threatened to evict her if she did not pay everything she owed by May 31, 1991.

On June 3, 1991, district judge Peter A. Keller entered an order granting a stay. The court ordered Madison County to pay Bethesda the difference between the daily charges and the amount of Jones' pension check less thirty dollars per month for her personal needs for April, May, and June of 1991, and for months thereafter until a decision was reached on the merits of the case.

A judicial review hearing was held on August 8 before district judge Robert O. Frederick. The parties agreed as to the record made before the county board. On August 20, the court affirmed the action of the county board.

In response, Jones filed a motion to enlarge findings and substitute judgment. Iowa R.Civ.P. 179(b). Following hearing upon the motion, the court found the county did not violate Jones' due process rights. The court concluded that the county board's action in denying her application was not arbitrary or capricious because the relief fund is designed to provide short-term rather than long-term assistance. Jones appeals from this ruling and from the district court order denying her petition for judicial review.

Before addressing issues raised in the appeal, we will consider the request to dismiss the appeal filed by the county board.

II. *Motion to Dismiss.*

██ In its brief and argument, the county board urged the appeal should be dismissed because Jones is no longer seeking assistance from the county; she is now living in the Winterset Care Center South where she is paying for her own nursing care. We cannot consider the merits of this argument. The county board did not file a motion to dismiss the appeal with affidavits as provided by our appellate rules. Iowa R.App.P. 22(c). The circumstances suggested in the brief in support of the request are not a part of the record. Iowa R.App.P. 10(a). We do not address

issues not properly raised or based on information not contained in the record. *Cross v. Lightolier, Inc.*, 395 N.W.2d 844, 849 (Iowa 1986).

### III. *Denial of General Relief Benefits.*

 A person who is denied relief benefits by the board of supervisors may appeal the decision as if it were a contested case before an agency. Iowa Code § 252.-27. Our scope of review is that provided for judicial review of final agency action after a contested case proceeding. Iowa Code § 252.27; Iowa Code §§ 17A.19(7), 17A.20. Review is for correction of errors of law. *Sharp v. Employment Appeal Bd.*, 479 N.W.2d 280, 282 (Iowa 1991). When constitutional issues are raised, our review is de novo. *Freeland v. Employment Appeal Bd.*, 492 N.W.2d 193 (Iowa 1992).

 Jones claims the county has a duty to provide relief to her as a "poor person" under Iowa Code section 252.25. This section provides in part:

> The board of supervisors of each county shall provide for the relief of poor persons in its county who are ineligible for, or are in immediate need and are awaiting approval and receipt of, assistance under programs provided by state or federal law, or whose actual needs cannot be fully met by the assistance furnished under such programs. The county board shall establish general rules as its members deem necessary to properly discharge their responsibility under this section.

Jones urges that she meets the definition of a "poor person." The words "poor" and "poor person" are defined in Iowa Code section 252.1 to mean:

> [T]hose who have no property, exempt or otherwise, and are unable, because of physical or mental disabilities, to earn a living by labor; but this section shall not be construed to forbid aid to needy persons who have some means, when the board shall be of opinion that the same will be conducive to their welfare and the best interests of the public.

We believe Jones' monthly pension income constitutes property. A person "must be without property which can aid in his support or out of which funds may be realized for his maintenance" to qualify under this statute as a person with no property. *Hamilton County v. Hollis*, 141 Iowa 477, 481, 119 N.W. 978, 980 (1909). Earlier, we defined "poor" as having a restricted or technical meaning and practically synonymous with destitute, denoting extreme want and helplessness. *Polk County v. Owen*, 187 Iowa 220, 239, 174 N.W. 99, 106 (1919). In *Owen*, the applicant owned an undivided one-eighth interest in Iowa farmland worth $6600 subject only to a life estate of a woman fifty-eight years old. We commented that to hold such a person to be destitute or a pauper within the meaning of the laws for relief of the poor would be shocking. *Id.* at 242, 174 N.W. at 108. In *Daniels v. Woodbury County*, 625 F.Supp. 855, 858 (N.D.Iowa 1986), the federal district court found acceptable a definition of "no property" drawn from definitions and rules used to administer federal programs, including the SSI program.

Here, Jones applied for Medicaid benefits and her claim was denied because her pension income exceeded the SSI income eligibility requirements for nursing home assistance. There can be little doubt that a monthly income of $1371, as shown by her application to Madison County, would constitute property and that she fails to satisfy the definition of a poor person. If she were to receive relief benefits under Iowa Code chapter 252, it would be under the discretionary authority given to the board of supervisors to aid needy persons who have some means. *See* Iowa Code § 252.1.

### IV. *Due Process.*

 In our review of the due process issue we will assume Jones has a legitimate claim for benefits under the authority given by statute and the guidelines adopted by the county board. Where there is a legitimate claim to entitlement benefits, the Constitution requires due process in the determination of the claim. *Daniels v. Woodbury County*, 742 F.2d 1128, 1132 (8th

Cir.1984). We then must determine what process is due. As stated by the Supreme Court, "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Cafeteria Workers v. McElroy,* 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961). At the very minimum, *some* kind of notice and *some* kind of hearing must be provided. *Goss v. Lopez,* 419 U.S. 565, 579, 95 S.Ct. 729, 738, 42 L.Ed.2d 725 (1975). It is recognized that not all situations calling for procedural safeguards call for the same kind of procedure. *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972). *See also Auxier v. Woodward State Hosp. Sch.,* 266 N.W.2d 139, 142 (Iowa 1978).

■ Counsel for Jones argues the notice given by the director was inadequate because it gave no reason for the denial of benefits. We reject this argument. The denial of benefits by the director only serves to alert the applicant that the claim had been denied and that the applicant may then appeal to the board of supervisors. Iowa Code § 252.37. It is the county board that establishes the eligibility rules, reviews the application, makes a record of the proceedings, and determines the form and amount of assistance to be given. Iowa Code §§ 252.25, .27. It is the proceedings before the board of supervisors that is treated as if it were a contested case before an agency. Iowa Code § 252.27.

The county board did set the matter for hearing and notified the applicant and her counsel of the hearing date. A hearing was conducted. Both counsel for the county and for the applicant appeared before the board. Following hearing the county board notified Jones by letter that her application for assistance was denied.

■ Jones argues the written decision of the county board did not adequately specify the reason for denial of her application. She urges the county board's attempt to justify its action upon judicial review was based upon grounds not identified in the letter to her reporting the county board's decision. The letter stated, "The board of supervisors voted to deny the assistance because the client does not qualify for assistance as specified in the general relief manual." Jones alleged in the petition for judicial review that her counsel had been told by the county attorney that the board denied the application because the general assistance program is confined to relief on a short-term basis.

■ We agree the hearing before the county board is treated as an administrative hearing and must comport with the notions of fairness embodied in the requirements of procedural due process. In a contested case under the administrative procedure act, the parties are afforded specific notice prior to hearing. Iowa Code § 17A.12. The final decision must be in writing and includes findings of fact and conclusions of law. Iowa Code § 17A.19. The county board in its review of applications for financial assistance is not required to comply with the specific notice and record requirements of Iowa Code chapter 17A. *See* Iowa Code § 252.27.

Upon our review of the record, we find minimum requirements of due process were provided to Jones. Although more specific findings by the county board and more specific reasons for its decision would be helpful, the facts before the county board were not disputed and the reason for denial was adequate under the circumstances of this case.

AFFIRMED.