Roger RASMUSSEN and Rita Rasmussen, Plaintiffs–Appellees,

v.

Clifford YENTES, Defendant–Appellee.

Clifford YENTES, Third–Party Plaintiff–Appellee,

v.

CITY OF COUNCIL BLUFFS, Third–Party Defendant–Appellant.

No. 92–1373.

Court of Appeals of Iowa.

Aug. 25, 1994.

Robert L. O'Brien, Asst. City Atty., for appellant.

C.R. Hannan, IV, of Perkins, Sacks, Hannan, Reilly and Petersen, Council Bluffs, for plaintiffs-appellees.

Bruce D. Fleming of Pogge, Root, Fleming & Tinley, Council Bluffs, until his withdrawal, and then Clifford Yentes, pro se, for defendant-appellee.

Considered by DONIELSON, C.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

The original dispute here involved two landowners, Roger and Rita Rasmussen and Clifford Yentes, who own land adjoining a strip of real estate known as Rainbow Drive. On May 20, 1987, the Rasmussens filed suit against Yentes alleging Yentes had trespassed upon their property by depositing junk. They also claimed the accumulation of junk constituted a nuisance. The pleadings reveal the Rasmussens sought damages and an injunction prohibiting Yentes from further trespass. Yentes filed an answer and counterclaim in which he admitted he had deposited junk on the property in question, but claimed title to the property as against the Rasmussens by adverse possession.

We are told the Rasmussens and Yentes reached an agreement as to their differences and, from our reading of the July 7, 1992 ruling (the ruling appealed from), we conclude the trial court incorporated their agreement into that ruling. Neither the Rasmussens nor Yentes challenge that portion of the ruling. Thus our decision has no effect on that part of the trial court's ruling.

Returning to the pleadings, we find that on April 24, 1992, Yentes, as a third-party plaintiff, filed suit against the City as a third-party defendant. For appellate purposes it is this cross-claim that is germane to the issues before us.

In his cross-claim, Yentes essentially asserts he has superior rights to a portion of Rainbow Drive and requests a deed to the roadway in order to assure access to his property. We gather from the cross-claim Yentes has a fear the City of Council Bluffs may vacate Rainbow Drive to other parties and thus deny him access to his property.

The City filed an answer claiming Yentes had another means of access to his property and he did not have superior rights to those of the public to acquire vacated public right-of-way. From the pleadings and the limited record before us, we are unable to find the Rasmussens were ever a party to the cross-claim.

■ The case proceeded to hearing on July 7, 1992. The hearing was not recorded. Thus, we have no transcript to aid us in determining what, if any, evidence was presented.[1]

The attorneys on appeal are in disagreement as to the legal theories and doctrines employed by the court in reaching its decision. We will address those pertinent issues referred to in the briefs that correspond, at least by reference, to the trial court's ruling.

As to those issues raised in the briefs, first it is claimed the district court determined the City had abandoned the land. Next it is claimed the court determined the City had not met the conditions imposed in the 1925

---

1. When no report of evidence has been included in the record, a party may cause such record to be submitted after trial but before the appellate appendix is compiled. *Cross v. Lightolier, Inc.,* 395 N.W.2d 844, 849 (Iowa 1986). Under the appellate rules, a party may seek to include unreported evidence or proceedings in the record on appeal by compliance with Iowa Rule of Appellate Procedure 10(c). *State v. Rademacher,* 433 N.W.2d 754, 759 (Iowa 1988); *State v. Washington,* 308 N.W.2d 422, 424 (Iowa 1981).
   Rule 10(c) provides:
   *Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript Is Unavailable.* If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be filed with the clerk of the trial court and served

on appellee within twenty days after the filing of the notice of appeal. Appellee may file with the clerk of the trial court and serve on appellant objections or proposed amendments to the statement within ten days after service of appellant's statement. Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included in the record on appeal.
   In the present case, no statement pursuant to rule 10(c) was presented to assist us in our review. The City claims no evidence was addressed at this hearing and that none of the parties testified. We find support for this position in the district court's order which states the court reviewed the file and heard the arguments of counsel, but it does not mention hearing additional testimony.

deeds,[2] and the City was divested of ownership on this ground as well. It is further claimed, the court found Yentes had sufficiently proven his claim of adverse possession. Finally, it is claimed the court found the City was estopped from claiming rights to the road due to the passage of time, and due to the alterations and improvements made to the property by the Rasmussens and Yentes.

The court did declare the roadway vacated and the rights of the City extinguished. The court awarded Yentes the portion of the roadway which adjoined his property and, although the Rasmussens were not parties to the cross-claim, the court awarded to them a portion of the roadway which adjoined their property. It is this part of the court's ruling we reverse.

The City did file a motion for reconsideration pursuant to Iowa Rule of Civil Procedure 179(b). It claimed the issue of adverse possession had not been properly pled nor proven. It also claimed the reversion issue was not timely under Iowa Code section 614.24 (1985). The City asked for dismissal of the action, or in the alternative, for a full evidentiary hearing.

We do have a transcript of the hearing on the motion to reconsider. The 1925 deeds were accepted into evidence at the hearing. The City also presented some offers to purchase the property, which the court accepted into evidence for the limited purpose of showing the City could obtain consideration for the property. The district court denied the motion for reconsideration.

The City alone has appealed. It contends the district court should not have held that title to Rainbow Drive passed to the Rasmussens and Yentes through adverse possession.

It also contends the court erred in holding the reversionary interests in the 1925 deeds operated to deprive the City of title to the property.

■ In this appeal, Yentes has not filed a brief. The Rasmussens, although not named as a party in the pleadings, have filed a brief.[3] We determine this case was tried in equity. Therefore, our review is de novo. Iowa R.App.P. 4. We give weight to, but are not bound by, the trial court's findings. *Pearson v. City of Guttenberg,* 245 N.W.2d 519, 523 (Iowa 1976).

■ We do not address issues not properly raised or based on information not contained in the record. *Jones v. Madison County,* 492 N.W.2d 690, 693–694 (Iowa 1992). Facts not properly presented to the court during the course of trial and not made a part of the record presented to this court will not be considered by this court on review. *Kliege v. Iowa Employment Security Commission,* 206 N.W.2d 123, 126 (Iowa 1973).

■ The City argues on appeal that any claims based on the reversion clauses in the 1925 deeds are barred by the time limitations found in Iowa Code section 614.24 (1991). From our review of the record, and more particularly the trial court's ruling, we conclude neither the issue of reversion nor the effect of section 614.24 on these proceedings was before the trial court nor did the trial court rest its decision on these issues. Indeed, if it had done so, it would have committed error for as the appellant correctly asserted in its 179(b) motion, "The Clean Title Act and the statute on reversionary interests have not been pled or complied with."[4] As such, we decline to review the question for it

---

2. The property was conveyed to the Board of Park Commissioners of Council Bluffs in 1925 by deeds from the abutting property owners. As a condition of the conveyances, the deeds provided the City was to open and maintain the property as a road within two years. Further, if the City failed to maintain the property as a road, it would revert to the grantors.

3. We intentionally passed the legal question of what rights the Rasmussens have under the circumstances here and adjudicate those rights just as though the Rasmussens were a proper party.

4. The Rasmussens in their brief also state: "The Rasmussens did not plead, produce evidence or argue the reversion in the trial court. The judge did not mention reversion in the decision." We

is not properly before us.[5] *Krogh v. Clark,* 213 N.W.2d 503, 506 (Iowa 1973). As it relates to this assignment of error, any reference in the ruling of the trial court that may be interpreted as relying on this ground for sustaining its ruling would be error.

■ We next turn to the city's claim that the court erred in holding title to Rainbow Drive passed to Yentes and the Rasmussens through adverse possession. Generally the title to municipal property, which is held for public use as a street or highway, cannot be acquired by adverse possession. *See Chicago & Northwestern Ry. Co. v. City of Osage,* 176 N.W.2d 788, 791 (1970) (general statutes of limitations do not run against municipalities when acting in their governmental capacities); 3 Am.Jur.2d *Adverse Possession* § 270 (1986) (general rule is statute of limitations does not run in favor of those who occupy property held for public use as a street or highway, and title cannot be acquired thereto by such occupancy, no matter how long occupancy has been continued and whatever may have been its character); *but see Brewer v. Claypool,* 223 Iowa 1235, 1238, 275 N.W. 34, 35 (1937) (general rule that statute of limitations will not run against a municipality in the exercise of a governmental function does not apply when land enclosed is not a public highway; though a street may be legally established, if a municipality does not open the street for a time not less than the statutory period or there is a nonuser for such period, and private rights have been acquired by adverse possession, an abandonment may be presumed, the public estopped from asserting rights therein, and public rights in the street extinguished); *Pella v. Scholte,* 24 Iowa 283, 293 (1868) (city may lose rights to a "garden square" when city knew of its

rights and of adverse claim by an individual but did nothing for more than ten years).

We need not decide whether title to municipal property such as this can be acquired by adverse possession because we can dispose of this claim of error, if indeed the court predicated its ruling on this ground, for other reasons. The Rasmussens in their brief concede that the pleadings in the cross-claim make no reference to adverse possession. The Rasmussens state "admittedly the pleading (cross-claim) does not allege the facts necessary to support a finding of adverse possession."

■ As noted earlier, Yentes has not filed a brief, thus, we do not know his position on this question. The cross-claim is completely void of any claim of adverse possession. In addition, when we couple this omission with the fact there is no evidence in the record before us to support a finding of adverse possession, we conclude the court erred in resolving the issue of the roadway under this theory.

This leaves us with the related question of whether the trial court's ruling should be upheld on the grounds of "estoppel and/or abandonment." The Rasmussens argue the City has indicated its intention to no longer own the property by its failure to use or maintain the property. They argue the City is estopped from claiming rights to roadway in question because the City knew the Rasmussens were making improvements to the property, but the City did nothing. We assume, without deciding, these legal theories were properly before the court.

In *Sioux City v. Johnson,* 165 N.W.2d 762, 767 (Iowa 1969), our supreme court addressed the issue of whether a street was abandoned.

hold the same is true insofar as Yentes is concerned.

5. Section 614.24 is an effort by the legislature to simplify title examination by shortening the title-search period. *Compiano v. Kuntz,* 226 N.W.2d 245, 248 (Iowa 1975). The section bars action on any claim for a reversion against the holder of the record title in possession when the instrument in which such claim is rooted was recorded more than twenty years before July 4, 1965, unless the claim was filed on or before July 5,

1966. *Calamus Community School District v. Rusch,* 299 N.W.2d 489, 490 (Iowa 1980). The statute addresses claims arising from a deed, conveyance, contract, or will. *McKinley v. Waterloo Railroad Co.,* 368 N.W.2d 131, 136 (Iowa 1985). However, Section 614.24 is not applicable to easement rights. *Johnson v. Burlington Northern, Inc.,* 294 N.W.2d 63, 66 (Iowa App. 1980). Therefore, if we were to address this issue, the crucial question would be whether the instrument conveys a fee or an easement. *Id.*

Abandonment develops because the owner no longer desires to possess the thing. In order to establish abandonment of property, actual acts of relinquishment accompanied by intention to abandon must be shown. We recently said the primary elements are the intention to abandon and the external act by which intention is carried into effect.

*Id.* (citations omitted).

■■■ From the meager record before us there is absolutely no evidence the City ever intended to abandon the property in question. Mere failure to use the property, is not enough to establish an abandonment claim. *Marksbury v. State,* 322 N.W.2d 281, 286 (Iowa 1982).

Similarly lacking are the requisite elements of estoppel. By this ruling, we do not mean to say the doctrine of estoppel may not be applied against a city. Our supreme court in *Sioux City* held that under proper circumstances it can. *Sioux City,* 165 N.W.2d at 768. It also stated, "The burden to prove and establish estoppel is on the party asserting it, with strict proof of all elements a requisite." *Id.*

In conjunction with the requirement of strict proof, the court stated:

> Where there is long-continued nonuser of a street or alley by the municipality, maintenance of possession under a claim of right for a long period by private parties acting in good faith, where the erection of valuable improvements thereon with the knowledge and assent of the public and the city, and where the situation is such that to permit the municipality to open the street would result in great damage to those in possession, estoppel may lie.

> An essential element is a long-continued nonuser, but again mere nonuser alone is not sufficient. The duration of this nonuser must be for more than ten years. The ten years is applied only as a basis for the presumption that the city consented to the invasion before or at the time of the invasion.

We have also said there must be possession of the street or alley for more than ten years by the party or parties asserting estoppel, and this possession must be adverse to or inconsistent with the city's use of the land for a street or alley.

*Id.; see also Clinton Nat'l Bank v. City of Camanche,* 251 N.W.2d 248, 251 (Iowa 1977).

Again, from the record before us we conclude there is insufficient proof to sustain the trial court on the theory of estoppel.

There are various statements by counsel in briefs submitted to this court which were inserted to support their respective positions. In a number of instances, those references are not a part of the record. We are limited to the record before us, and any matters outside the record are disregarded.[6] *In re Marriage of Keith,* 513 N.W.2d 769, 771 (Iowa App.1994).

Costs of this appeal are assessed to the Rasmussens.

**REVERSED.**

---

6. We need not decide what rights the Rasmussens and Yentes might have should the City in the future attempt to vacate, open or dispose of Rainbow Drive as those issues are not before us.