W.G., a father, appeals from the juvenile court's order terminating his parental rights to S.S.G., his daughter, and S.G.G., his son. W.G. claims insufficient evidence exists to terminate his parental rights under Iowa Code sections 232.116(1)(d), (e), (f), and (i) and 232.117 (2007). Upon our de novo review, we affirm. In re C.B.,611 N.W.2d 489, 492 (Iowa 2000).
I. Background Facts and Proceedings
This family has a long history of involvement with the Iowa Department of Human Services (DHS) dating back to 2003 when a founded child abuse report was filed for unsafe and unsanitary living conditions and lack of proper supervision. The most recent incident occurred on June 19, 2006, when W.G. contacted DHS to have S.S.G., now six years old, and S.G.G., now five years old, removed from his care because he could not control S.G.G.'s behavior. W.G. had slapped S.G.G. on the face and buttocks, confined S.G.G. to his room for long periods of time by locking the door, and yelled at S.G.G. so loudly that the police were contacted. W.G. claimed S.G.G.'s behavior had cost him is job. The children were voluntarily removed from W.G.'s home and placed in foster care on June 22, 2006.
On July 20, 2006, the State filed a child in need of assistance (CINA) petition under sections 232.2(6)(b), (c)(2), (d), (g), and (n) (2005). The juvenile court on February 12, 2007, adjudicated the children CINA under these sections and ordered compliance with services, including parenting classes and a psychological evaluation. At the second permanency hearing on December 12, 2007, the juvenile court ordered the State to file a termination of parental rights petition. The State filed the petition on January 18, 2008, under sections 232.116(1)(d), (e), (f), and (i) (2007). The juvenile court terminated W.G.'s parental rights to the children on March 25, 2008, under sections 232.116(1)(d), (e), (f), and (i) and 232.117.
II. Substantial Evidence
W.G. argues insufficient evidence exists to terminate his parental rights under the above-mentioned sections. When the juvenile court terminates a parent's rights on more than one statutory ground, we need to find termination was proper under only one ground to affirm. In re R.R.K.,544 N.W.2d 274, 276 (Iowa Ct.App. 1995). Under section 232.116(1)(f), a parent's rights may be terminated if all of the following exist:
 (1) The child is four years of age or older. (2) The child has been adjudicated a child in need of assistance pursuant to section 292.96. (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days. (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.
The State must prove each of these elements by clear and convincing evidence. In re K.F., 437 N.W.2d 559, 560
(Iowa 1989). The only issue is whether substantial evidence supports the fourth element.
The juvenile court found, and we agree, the children could not be returned to W.G.'s custody at the time of the termination hearing. The psychological report described W.G. as a confused, angry, distrustful person who has difficulty controlling his anger and has bizarre ideations, all of which indicated serious mental health problems. It strongly recommended a psychiatric evaluation, possible medication, and regular therapy. W.G. has not addressed his mental health issues or followed these recommendations. As a result, during visits with the children, W.G. was at times unable to control his anger. Also, although W.G. understood the parenting techniques that were taught, W.G. failed to apply them. In particular, W.G. inconsistently disciplined the children, leaned toward physical punishment rather than non-punitive discipline, and showered S.S.G. with almost all of his attention. Moreover, W.G. has not consistently been able to maintain stable housing and employment. Furthermore, W.G. has a history of unstable relationships and has failed to realize how this has a negative impact on the children. Finally, W.G. acknowledged at the termination hearing that the children cannot be returned to his custody at the present time.
W.G. points to events that occurred after the termination hearing to support his argument that the children can be returned to his care at the present time. "Facts not properly presented to the court during the course of trial and not made a part of the record presented to this court will not be considered by this court on review." Rasmussen v.Yates, 522 N.W.2d 844, 846 (Iowa Ct.App. 1994). W.G. also argues the juvenile court failed to give proper consideration to certain testimony and an exhibit. The juvenile court's order specifically states the court considered all of the testimony and exhibits admitted into evidence. We find this argument is without merit. Therefore, we conclude sufficient evidence exists to terminate W.G.'s parental rights to the children under section 232.116(1)(f).
In addition to meeting the statutory requirements, the termination must be in the best interests of the child. Inre M.S., 519 N.W.2d 398, 400 (Iowa 1994). However, because W.G. does not argue that termination is not in the children's best interests, this issue has been waived. See
Iowa R. App. P. 6.14(1)(c).
We accordingly affirm the juvenile court's decision terminating W.G.'s parental rights to S.S.G. and S.G.G.
AFFIRMED. *Page 145