# IN THE COURT OF APPEALS OF IOWA

No. 13-1215
Filed June 25, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KELLY GRANT SMART,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wayne County, Martha L. Mertz (plea) and David L. Christensen (sentencing), Judges.

Kelly Smart appeals from a judgment and sentence following his plea of guilty to possession of marijuana, third offense. **AFFIRMED.**

Matthew C. Moore of Law Offices of Matthew C. Moore, Chariton, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, and Alan M. Wilson, County Attorney, for appellee.

Considered by Doyle, P.J., Mullins, J., and Sackett, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**DOYLE, P.J.**

Kelly Smart appeals from the judgment and sentence entered following his plea of guilty to possession of a controlled substance (marijuana), third offense, an aggravated misdemeanor, in violation of Iowa Code section 124.401(5) (2011). He was sentenced to an indeterminate term of incarceration not to exceed two years. Smart argues his trial counsel was ineffective by failing to object to the State's recommendation of incarceration, which deviated from the plea agreement. We affirm Smart's conviction and preserve for a possible postconviction-relief proceeding Smart's claim of ineffective assistance of consel.

## I. Background Facts and Proceedings.

Smart entered into a written plea of guilty to possession of marijuana. The written "Waiver of Rights and Guilty Plea For Possession of Controlled Substance" form, signed by Smart and his counsel, states, in part:

> The Court has the discretion to accept or reject any plea agreement made between the State and me. This is not a bargained plea. I have been informed by Alan Wilson, who is Prosecuting Attorney, that the State will recommend the following sentence and disposition:
> (1) A fine of $_____, the statutory surcharge and the $5.00 D.A.R.E. surcharge. (See Iowa Code [§] 911.2).
> (2) Incarceration for a period of ___ days, with credit for previously served. [Paragraphs (1) and (2) are crossed-out by one handwritten "X"]
> (3) Payment of court costs.
> (4) Payment of court appointed attorney costs.
> (5) Victim restitution, if any.
> (6) My license will be revoked for 180 days
> (7) Other "Court to decide my sentencing after a review of the PSI and sentencing hearing." [Quoted text is handwritten]
> The foregoing paragraph reflects the entire understanding of the State's recommendation to the Court.

The written plea is dated May 16, 2013, and file-stamped May 21, 2013, the day of the first plea hearing.

Smart's written waiver of rights and guilty plea were presented to the court at the first plea hearing. Smart acknowledged he had second thoughts after executing the agreement. Smart stated he did not realize the presentence investigator could make a sentencing recommendation. During the course of the hearing, Smart also acknowledged he had had a confrontation with his attorney earlier in the day. After considerable discussion with Smart, the court decided to give everyone some "thinking time" and continued the plea hearing.

The same judge presided over the second plea hearing a few weeks later. The written waiver and guilty plea previously presented to the court was again considered. After a plea colloquy, the court found Smart's plea to be voluntary and supported by a factual basis. The court ordered a presentence investigation (PSI) at Smart's request, and a sentencing hearing was set.

A different judge presided over the sentencing hearing. When the district court asked for the State's sentencing recommendation, the prosecutor responded as follows:

> Thank you, your Honor. Your Honor, I think . . . Mr. Smart's criminal history speaks for itself. He's had an extended history of— criminal activity, and typically my sense as a prosecutor is Mr. Smart still is unwilling to abide by the laws of the state. And, consequently, it's the State's recommendation that Mr. Smart be sentenced to an indeterminate term not to exceed two years; that his custody be transferred to the director of adult corrections and Oakdale, Iowa, designated as the reception center; that he be ordered to pay the statutory mandatory minimum fine of $625, plus the statutory 35% surcharge and the costs of this action, including court appointed attorney's fees; that pursuant to statute he be ordered to pay the $10 drug awareness education fee and the $125 law enforcement initiative surcharge.

> Your Honor, I believe this is the only appropriate sentence in this case. It's going to be able to protect the public from future offenses by Mr. Smart, as well as give Mr. Smart an opportunity to rehabilitate himself through substance-abuse-treatment programs within the prison system.

Smart's counsel made no objection.

On appeal, Smart contends the prosecutor breached the plea agreement and his attorney was ineffective in failing to object to the breach.

## II. Discussion.

We review claims of ineffective assistance of counsel de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). To prevail, Smart must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The claim fails if either element is lacking. *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008).

Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). These claims are typically better suited for postconviction relief proceedings that allow the development of a sufficient record and permit the accused attorney to respond to a defendant's claims. *See State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011). If we determine the claim cannot be addressed on appeal, we must preserve it for a postconviction relief proceeding, regardless of our view of the potential viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). We find the record insufficient to review Smart's claim in this direct appeal.

Here, the written plea states the prosecuting attorney "will recommend the following sentence." Immediately following are seven paragraphs enumerating various sentencing provisions. Paragraph (2), the provision for incarceration, is

crossed-out by a handwritten "X" and the space providing for the number of days of incarceration is left blank. The document is a far cry from a pledge by the State that it would stand mute on the issue of incarceration. The document was not signed by the prosecutor. Furthermore, we will not, and cannot, consider Smart's outside-the-record assertion that "the State offered to make no sentencing recommendation at his sentencing hearing." *See Rasmussen v. Yentes*, 522 N.W.2d 844, 846 (Iowa Ct. App. 1994) (the court does not consider issues based on information outside the record). The same goes for Smart's assertion that he was assured by his trial counsel that the State would not enter an argument for any sentence of incarceration. *See id.* With no testimony from Smart, his trial counsel, or the prosecutor, we simply do not have enough to decide Smart's ineffective assistance of counsel claim. Accordingly, we affirm Smart's conviction and preserve this claim for a possible postconviction relief proceeding.

**AFFIRMED.**