# IN THE COURT OF APPEALS OF IOWA

No. 17-0828
Filed February 7, 2018

IN RE THE MARRIAGE OF TODD DAVID O'BRIEN
AND ANNE LOUISE O'BRIEN

Upon the Petition of
**TODD DAVID O'BRIEN,**
      Petitioner-Appellant,

**And Concerning**
**ANNE LOUISE O'BRIEN,**
      Respondent-Appellee.

_____

Appeal from the Iowa District Court for Woodbury County, Edward A. Jacobson, Judge.

Todd O'Brien appeals from the district court's order denying his petition for modification of the decree dissolving his marriage to Anne O'Brien. **REVERSED AND REMANDED.**

Amanda Van Wyhe of Van Wyhe Law Firm & Mediation Center, P.L.C., Sioux City, for appellant.

Anne Louise O'Brien, Sioux City, for self-represented appellee.

Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DANILSON, Chief Judge.**

Todd O'Brien appeals from the district court's order denying his petition for modification of the decree dissolving his marriage to Anne O'Brien. Todd maintains there has been a substantial change in circumstances from the time the decree was entered justifying modification of the decree to place physical care of the parties' child, O.O., with Todd.[1] Because we conclude Todd has established a substantial change in circumstances due to Anne's escalated alcohol abuse, we reverse the district court's denial of the petition for modification and remand for entry of a modified decree of dissolution.

**I. Background Facts and Proceedings.**

The decree dissolving the parties' marriage was entered on November 6, 2014. The decree approved and adopted the parties' stipulation and agreement that resolved all matters regarding the dissolution. The stipulation and agreement provided the parties would have joint legal custody and shared physical care of their three children: S.O. born in 1996, M.O. born in 1998, and O.O. born in 2002. The stipulation and agreement also stated, "Neither parent will consume alcohol when the children are in his or her care."

On November 3, 2015, Todd filed the petition for modification alleging a substantial change in circumstances due to Anne's alleged alcohol abuse and her involvement with the department of human services (DHS) following an incident wherein Anne drove M.O. and O.O. to the mall while she was intoxicated in November 2014, three days after the decree of dissolution was entered. M.O. and O.O. did not realize Anne was intoxicated when they got into the car, but

---

[1] Anne has not filed a brief on appeal.

soon noticed she was swerving while driving. The incident resulted in a confirmed child-abuse assessment by DHS for failure to provide proper supervision.

In the following approximate two-year period between the dissolution and the modification hearing, Anne's alcohol abuse continued, negatively impacting the children. On more than one occasion—and sometimes during Anne's custodial time—the children went to Anne's home only to find her intoxicated. In March 2016, Anne was asked by another parent to leave O.O.'s sporting event because she appeared to be intoxicated. And, in August 2016, Anne was unable to drive S.O. to college as planned because she had been drinking. Anne's alcohol abuse escalated to the point where it was necessary for her to seek treatment.

Anne began but unsuccessfully left two treatment programs before successfully graduating from a third program the month prior to the modification hearing. Despite DHS involvement in 2014, and multiple attempts at treatment, in a June 2016 deposition when asked if she was going to stop drinking Anne stated, "You know, I don't think that that's anything I'm going—I have in the works." At the modification hearing held on January 18, 2017, Anne admitted she had not stopped drinking even though she had promised her children she would.

After the modification hearing, the district court concluded Todd had not met his burden of establishing a substantial change in circumstances warranting modification of the custody provisions of the decree. In its March 27 order, the court stated:

The court concludes that there has been no material and substantial change in the circumstances of the parties since the decree was signed by Judge Sokolovske on November 6, 2014. In 2014 Todd changed his mind about joint physical care and attempted to get primary care away from Anne because he was concerned about Anne's drinking. That is exactly what he is attempting to do now and for the same reason.

Thus, the court denied Todd's petition for modification. Todd appeals.

## II. Standard of Review.

We review the district court's modification determination de novo. *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). "Though we make our own findings of fact, we give weight to the district court's findings." *Id.*

## III. Analysis.

Todd contends the district court erred in finding there was no substantial change in circumstances and in failing to place physical care of O.O. with Todd.[2]

"Our marriage dissolution statute provides that a district court 'may subsequently modify child, spousal, or medical support orders when there is a substantial change in circumstances.'" *In re Marriage of Michael*, 839 N.W.2d 630, 635 (Iowa 2013) (quoting Iowa Code § 598.21C(1) (2015)).

A party seeking modification of a dissolution decree must prove by a preponderance of the evidence a substantial change in circumstances occurred after the decree was entered. The party seeking modification of a decree's custody provisions must also prove a superior ability to minister to the needs of the children.

*Harris*, 877 N.W.2d at 440 (internal citations omitted). "The controlling consideration in child custody cases is always what is in the best interests of the

---

[2] At the time of the modification hearing S.O. was over eighteen years of age. M.O. was eighteen but had not yet graduated high school and was living with Anne full time. Todd's claims relate only to the physical-care arrangement respecting O.O.

children." *In re Marriage of Thielges*, 623 N.W.2d 232, 235 (Iowa Ct. App. 2000) (citation omitted).

We acknowledge a change of circumstances affording a modification of physical care must be something not in the contemplation of the decretal court. *Harris*, 877 N.W.2d at 440. Although the record reveals Todd was aware of Anne's drinking at the time the dissolution decree was entered,[3] part of the decree was that "[n]either parent will consume alcohol when the children are in his or her care." We conclude the escalation of Anne's alcohol abuse constitutes a substantial change in circumstances justifying modification. Anne's use and perhaps abuse of alcohol may have been in the contemplation of the decretal court, but Anne's alcohol abuse did not lead to DHS involvement or require treatment until after the decree of dissolution was entered. Although Anne drank prior to the decree, the escalation of Anne's alcohol abuse has increased the potential for emotional and physical danger to the child to the point that at times she is unfit to provide care for the child.

From the time the dissolution decree was entered, the children have discovered Anne drunk and unresponsive a number of times—some of which were during her custodial time. Thus, Anne has on occasion been unable to fulfill her duties as a mother due to her excessive drinking. Anne also drove M.O. and

---

[3] Prior to entry of the stipulation and agreement and the decree of dissolution, Todd raised issues with the court regarding Anne's consumption of alcohol while the children were in his care. In October 2014, Todd filed a motion seeking to amend his petition for dissolution to pursue a claim for physical care of the children because he had "recently received information indicating that [Anne] . . . ha[d] in fact consumed alcohol on many occasions while the children were in her care." The court granted Todd's request for leave to amend the petition. However, the parties entered the stipulation and agreement shortly thereafter, in early November 2014, agreeing to joint legal custody and shared physical care of the children.

O.O. in her vehicle at least one time while intoxicated, resulting in DHS involvement. Despite the negative impact on the children caused by her drinking, Anne stated in her June 2016 deposition she did not have a clear intention to stop drinking. The guardian ad litem recommended placing physical care of O.O. with Todd. The guardian ad litem also opined placing physical care with Todd was in O.O.'s best interests because it is possible O.O. would get into a vehicle with Anne in the future either not knowing Anne was drunk or not wanting to confront Anne about her drinking.

Additionally, the parties' inability to communicate cordially about their children creates a scenario where the children are placed in the middle of the parents' animosity. Continuing a shared-care arrangement under these circumstances is not in O.O.'s best interests.

Further, at this time, Todd is able to provide superior care to O.O. Although the record reveals Todd struggled in parenting M.O. and the two have a strained relationship, there is no evidence that Todd has similar struggles in parenting O.O. Todd is able to provide O.O. with the stability and safety that she deserves. Upon our de novo review, we conclude there is a substantial change in circumstances requiring modification of the dissolution decree and placing O.O. in Todd's physical care is in her best interests.

We note Todd also raised issues on appeal concerning the district court's limitation of evidence and decision to speak with O.O. privately in chambers. We find Todd's claims are not preserved for our review as no objections were made to the district court respecting these claims. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that

issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). The court informed the parties about the court's plan to meet privately with O.O., and there is no objection in the record to such meeting. Thus, we will not address Todd's additional claims. However, we do not condone the court's decision to hold an unreported private meeting with the minor child and to later use information gleaned from the meeting in reaching its decision.[4] Because no record was made, we cannot consider any statements made by the child during the meeting with the presiding judge. *See Rasmussen v. Yentes*, 522 N.W.2d 844, 846 (Iowa Ct. App. 1994) (noting we do not consider facts that are not part of the record); *see also In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994) ("We are limited to the record before us and any matters outside the record on appeal are disregarded.").

**IV. Conclusion.**

Because we find Todd has shown a substantial change in circumstances warranting modification of the dissolution decree and has established a superior ability to care for O.O., we reverse the district court's denial of Todd's petition for modification. We remand for entry of an order modifying the decree to place physical care of O.O. with Todd, to afford Anne liberal visitation, and to modify the child-support provisions accordingly.

**REVERSED AND REMANDED.**

---

[4] For example, during M.O.'s testimony at the modification hearing, she was asked if she knew whether O.O. wanted the physical-care arrangement to stay the same. Counsel for Todd objected on the basis of speculation. In response the court stated, "I talked to [O.O.], and I'm very confident that I know what she wants."