**IN THE COURT OF APPEALS OF IOWA**

No. 17-0325
Filed February 7, 2018

**IN RE THE MARRIAGE OF DANIELLE LAREE CARTER
AND JASON WAYNE CARTER**

**Upon the Petition of
DANIELLE LAREE CARTER,**
        Petitioner-Appellee,

**And Concerning
JASON WAYNE CARTER,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Black Hawk County, Joel A.
Dalrymple, Judge.

        Jason Carter appeals the child custody provisions of the decree dissolving
his marriage to Danielle Carter. **AFFIRMED.**

        Jason W. Carter, Mobile, Alabama, self-represented appellant.

        Kevin D. Engels of Correll, Sheerer, Benson, Engels, Galles & Demro,
P.L.C., Cedar Falls, for appellee.

        Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DANILSON, Chief Judge.**

Jason Carter appeals the child custody provisions of the decree dissolving his marriage to Danielle Carter. He objects to the order of joint legal custody and the placement of the parties' three children in Danielle's physical care.[1]

We review equity actions, including dissolutions of marriage, de novo. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013); *see also* Iowa Code § 598.3 (2014); Iowa R. App. P. 6.907. De novo review means we examine the entire record and adjudicate the issues anew. *McDermott*, 827 N.W.2d at 676. While they are not binding, we give weight to the district court's factual findings, particularly concerning witness credibility. Iowa R. App. P. 6.904(3)(g). We will disturb the district court's rulings only when they fail to provide an equitable resolution. *McDermott*, 827 N.W.2d at 676.

We note first that Jason has included matters in his brief that occurred after the trial and are thus not part of the record before the trial court. We have not considered any of this material. *In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994) ("We are limited to the record before us and any matters outside the record on appeal are disregarded."); *see also Rasmussen v. Yentes*, 522 N.W.2d 844, 846 (Iowa Ct. App. 1994) (noting we do not consider facts that are not part of the record).

Jason challenges the court's order of joint legal custody. Upon dissolving a marriage involving minor children, the district court must determine whether one or both parents shall have legal custody of the children. *In re Marriage of Hynick*, 727 N.W.2d 575, 578-79 (Iowa 2007). "Legal custody" carries with it

---

[1] At the time of trial, L.C. was eleven years old, J.C. was eight, and K.C. was five.

certain rights and responsibilities, including but not limited to "decision making affecting the child's legal status, medical care, education, extracurricular activities, and religious instruction." Iowa Code § 598.1(5). When the parents are awarded joint legal custody, both parents have "legal custodial rights and responsibilities toward the child" and "neither parent has legal custodial rights superior to those of the other parent." *Id.* § 598.1(3). In deciding whether joint custody is in the best interest of a minor child, the court must consider several statutory factors. *See id.* § 598.41(3). However, "[w]hen parents agree to joint custody, the court need not consider the factors set forth in section 598.41(3)." *Hynick*, 727 N.W.2d at 579 (citing Iowa Code § 598.41(4)).

In both a pretrial stipulation and in a posttrial statement, Jason agreed to joint legal custody. Because this issue was not raised in the district court, we do not consider is now. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided in the district court before we will decide them on appeal.").

Jason also argues the children should have been placed in his physical care. There is more than enough acrimony between these parties as a result of these protracted proceedings,[2] and we will not reiterate the allegations and accusations of the parties here. Suffice it to say that the trial court's decree has detailed factual findings—including detailed credibility determinations. We give

---

[2] The petition for dissolution was filed on September 17, 2014. Trial was held on December 22-23, 2015; the record was reopened, and additional testimony was presented on October 11, 2016. The dissolution decree was filed on February 2, 2017.

On January 21, 2018, Jason filed a motion to amend the appendix. The motion is denied.

these findings considerable weight. *See In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984). We also note the children's guardian ad litem recommended the children "reside with Danielle during the school year and with Jason during school breaks," allowing the children to "remain in their hometown, attend the same school, and participate in the same activities with their friends" and "provid[ing] the least disruption to the children." It is time for each parent to emotionally withdraw from the other, and begin a joint working relationship whereby each parent works for the best interests of the children including fostering the relationship between the child and other parent. Having reviewed the record and the trial court's findings of fact and credibility assessments, we find no reason to disturb the ruling in any way. We affirm.

**AFFIRMED.**