# IN THE COURT OF APPEALS OF IOWA

No. 19-2113
Filed January 21, 2021

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**GUSTAF ROY CARLSON,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, James B. Malloy, District Associate Judge.

Gustaf Carlson appeals his prison sentence. **AFFIRMED.**

Shawn Smith of The Smith Law Firm, PLLC, Ames, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MAY, Judge.**

Gustaf Carlson pled guilty to extortion, a class "D" felony. The district court sentenced Carlson to prison. On appeal, Carlson argues he was entitled to probation.[1] We affirm.

Carlson does not deny his sentence was authorized by statute. So we review his sentencing challenge "for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). Because we have "great confidence . . . in our judges to exercise their discretion appropriately," we "afford [a] strong presumption of regularity to the sentencing court." *State v. Goad*, No. 17-1057, 2018 WL 2084834, at *1 (Iowa Ct. App. May 2, 2018) (citing *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998)).

Carlson argues the court "abused its discretion" by failing to consider that certain drug treatment options are "only available to [people] on probation," not people in prison. Carlson does not support his factual assertions with record evidence. Instead, Carlson cites a law review article, a newspaper article, and various webpages, none of which are part of our record.

---

[1] Iowa Code section 814.6 (2019) was recently amended to prohibit most appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140 § 28 (codified at Iowa Code § 814.6(1)(a)(3) (Supp. 2019)). However, a defendant may still appeal if they have "good cause." *See* Iowa Code § 814.6(1)(a)(3). Our supreme court has determined a defendant has good cause when they challenge their sentence instead of the underlying guilty plea. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). Because Carlson only challenges his sentence, he has good cause and we may consider his appeal. *See* Iowa Code § 814.6(1)(a)(3); *Damme*, 944 N.W.2d at 105.

For at least three reasons, we conclude reversal is not appropriate. First, like the State, we do not believe we "can even consider" Carlson's outside-the-record materials "to overturn an otherwise valid sentence." *See* Iowa R. App. P. 6.801 (explaining the materials that "constitute the record on appeal"). "It is a fundamental principle that our review of district court rulings is limited to the record made before the district court." *State v. Boggs*, 741 N.W.2d 492, 505 n.2 (Iowa 2007). And so, in most cases, "we cannot consider matters outside the trial court record." *Clarke Cnty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 170 n.3 (Iowa 2015). While there are narrow exceptions (such as mootness, *see id.*), Carlson has not cited—and we have not found—authority that would permit reversal of a sentence based on materials that were never presented to the sentencing court. Indeed, in at least one case, we have expressly rejected that approach. In *State v. Holtz*, we were confronted with an appellate brief that "attempt[ed] to bring forth evidence concerning [the defendant's] employment that was not presented to the sentencing judge." No. 01-0974, 2002 WL 663749, at *1 (Iowa Ct. App. Apr. 24, 2002). We rejected that attempt and stated "[w]e do not consider issues based on information outside the record." *Id.* (citing *Rasmussen v. Yentes*, 522 N.W.2d 844, 846 (Iowa Ct. App. 1994)). Following *Holtz* and the other authorities cited here, we decline to consider the non-record sources cited in Carlson's brief. *See State v. Smart*, No. 13-1215, 2014 WL 2885026, at *2 (Iowa Ct. App. June 25, 2014) ("Furthermore, we will not, and cannot, consider Smart's outside-the-record assertion that 'the State offered to make no sentencing recommendation at his sentencing hearing.'" (citation omitted)).

Second, we also agree with the State that—even if we accepted Carlson's characterizations of his various non-record sources—Carlson would still have failed to establish that "substance-abuse treatment would not be available" to Carlson "through the Iowa Department of Corrections." While Carlson claims "few Iowa prisons have adequate drug treatment programs," he does not claim those opportunities are non-existent.

Finally, Carlson's comparison of treatment opportunities while on probation with opportunities in prison has limited relevance because we are not a sentencing court. It is not our role to decide whether probation is better than prison. *See Hopkins*, 860 N.W.2d at 554 (noting "we do not decide the sentence we would have imposed"); *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) (noting "our task on appeal is not to second guess the decision made by the district court"). Our role is far more limited. As noted, we can only reverse if "the defendant demonstrates an abuse of . . . discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). And we will find no abuse of discretion "unless the defendant shows that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

Here, we conclude Carlson has not demonstrated a defect in the sentencing procedure. Carlson focuses on the sentencing court's belief that a period of enforced sobriety in prison might help put Carlson on the road toward long-term sobriety. Carson claims that kind of reasoning is "outdated and unsupported by current research and data." But Carson has not cited—and we have not found— any cases that suggest the district court's reasoning involved "impermissible

factors." *Id.*; *cf. In re Hasbrouck*, 657 A.2d 878, 882 (N.J. 1995) (noting "we acknowledge that often rehabilitation becomes possible only after an addict has 'hit rock bottom'").

Nor has Carlson demonstrated an abuse of discretion. As noted, Carlson contends "probation provides a better chance for [his] recovery and continued sobriety than prison" and "[t]he trial court's decision to the contrary is based on inaccurate and outdated facts." In Carlson's view, this "lack of factual support render[ed]" the court's sentencing decision "untenable and unreasonable" and, therefore, "an abuse of discretion."

We disagree. From our review of the record, we see no reason to think the district court failed to understand that the resources available in prison would differ from those available through probation. *See State v. Ayers*, 590 N.W.2d 25, 29 (Iowa 1999) ("A defendant therefore has the burden to provide a record showing that the court abused its discretion."). Rather, the court simply did not believe Carlson was a good candidate for probation.[2] This belief found ample support in

---

[2] The court told Carlson: "I don't think there's any way you're going to be successful on probation at this point in your life." We have often said or implied it is appropriate for a sentencing court to consider the defendant's likelihood of success on probation. *See, e.g.*, *State v. Quezada Sierra*, No. 19-0112, 2020 WL 3264336, at *2 (Iowa Ct. App. June 17, 2020) ("It is not improper for the sentencing court to consider the defendant's ability to comply with terms of probation in determining whether to grant probation."); *State v. Holt*, No. 18-1266, 2019 WL 5067171, at *6 (Iowa Ct. App. Oct. 9, 2019) (affirming prison sentence where district court noted, among other things, "[t]he prospects of you being successful on probation are remote"); *State v. Julian*, No. 17-2107, 2018 WL 3912174, at *2 (Iowa Ct. App. Aug. 15, 2018) (affirming denial of probation where district court noted, among other things, the defendant had not "demonstrated an ability to be successful on probation"); *State v. Horst*, No. 17-1171, 2018 WL 542638, at *3 (Iowa Ct. App. Jan. 24, 2018) (affirming prison sentence where district court noted, among other things, "I'm looking at this from can you be successful on probation, from this standpoint"); *State v. Pendleton*, No. 15-0053, 2015 WL 8463202, at *4

the record, including (1) the seriousness of Carlson's offense; (2) Carlson's lengthy criminal history, which dates back to 1996; (3) Carlson's admission to the presentence investigator that he had made $10,000 selling marijuana in the past year; (4) Carlson's denial of any past or present problem with controlled substances; (5) Carlson's failure to appear for a hearing in the present case, which led to his arrest and revocation of his bond; and, (6) additionally, Carlson's use of alcohol and cocaine *on the very first night* after the district court released Carlson again following his guilty plea. Because of this last incident, Carlson's pretrial release was revoked, and he was held in custody until sentencing. And as the district court explained during sentencing:

> [Y]ou know, being out on pretrial release is like being on probation. What do you do? The first thing you get out—and you've owned up to it. I mean, you said you know you made a stupid choice and it was. If I let you out right now, pretty good chance you're going to make another stupid choice.

---

(Iowa Ct. App. Dec. 9, 2015) (affirming prison sentence; noting defendant's prior "deferred judgment was revoked, showing he was not successful on probation"); *State v. Smeltzer*, No. 14-0788, 2015 WL 1331579, at *1 (Iowa Ct. App. Mar. 25, 2015) (affirming prison sentence and noting the defendant's "actions in committing further offenses while he was out in the community, along with his substance abuse problems, made it unlikely that he would be successful on probation or a less restrictive alternative to prison"); *State v. Holmes*, No. 14-0622, 2015 WL 576088, at *4 (Iowa Ct. App. Feb. 11, 2015) (affirming prison sentence and noting defendant "had not been successful on probation in the past"); *State v. Miles*, No. 13-0979, 2014 WL 6680775, at *3 (Iowa Ct. App. Nov. 26, 2014) (affirming prison sentence and noting sentencing court's consideration of "the fact that [the defendant] had not been successful on probation in the past"); *State v. Jordan*, No. 12-0314, 2014 WL 2884698, at *2 (Iowa Ct. App. June 25, 2014) (affirming prison sentence and noting the sentencing court's mention that defendant "had not previously been successful on probation or parole"); *State v. Elias-Lopez*, No. 13-1203, 2014 WL 2600387, at *2 (Iowa Ct. App. June 11, 2014) (affirming prison sentence and mentioning sentencing court's statement that "my belief is you won't be successful on probation").

We find no abuse of discretion in the district court's refusal to release Carlson into the community again.  Denial of probation was appropriate given the record presented and the twin goals of sentencing—providing maximum opportunity for rehabilitation while protecting the community from further offenses. Iowa Code § 901.5 (2019).

Carlson has failed to demonstrate grounds for reversal.  We affirm.

**AFFIRMED.**