**Upon the Petition of Shirley A. FEN-CHEL, Appellee, and concerning Bruce D. FENCHEL, Appellant.**

No. 60628.

Supreme Court of Iowa.

July 26, 1978.

Tom Riley and Iris E. Muchmore, Cedar Rapids, for appellant.

Timothy S. White and James A. Piersall, Cedar Rapids, for appellee.

Considered by MOORE, C. J., and RAWLINGS, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

We granted review of a decision of the Court of Appeals affirming the trial court in this appeal and cross-appeal of a dissolution decree. The case presents a jurisdictional question and a question on the merits. We affirm on respondent's appeal and modify and affirm on petitioner's cross-appeal.

The jurisdictional question is whether provisions of an original dissolution decree can be attacked in an appeal from a supplementary decree which determines an issue reserved in the original decree. On the merits, the question raised by the appeal of respondent Bruce D. Fenchel is whether the trial court erred in awarding alimony to petitioner Shirley A. Fenchel in the supplementary decree. In her cross-appeal, Shirley challenges child custody and property division provisions of the original decree and alimony and visitation provisions of the supplementary decree.

I. *Jurisdiction.* The jurisdictional question arises from the holdings of this court in *Shipley v. Shipley,* 182 N.W.2d 125 (Iowa 1970), and *Jackson v. Jackson,* 248 Iowa 1365, 85 N.W.2d 590 (1957). In *Shipley,* the court held a dissolution decree in which the trial court reserves decision of an issue is nonetheless an appealable final decree and overruled *Jackson* "to the extent it may hold otherwise". 182 N.W.2d at 129. In *Jackson,* the court held that when a dissolution court "in what perhaps should be called a preliminary decree specifically reserves substantial and material matters for future determination the right of appeal is preserved until final action of the court." 248 Iowa at 1369, 85 N.W.2d at 593.

In the present case the marriage was dissolved by decree filed August 25, 1976. The decree also decided issues of child custody, property division and other matters in controversy except alimony. As part of the property division the decree awarded Shirley the office building in which Bruce's dental office was located. The Court directed the parties to negotiate a lease of that space with a provision for arbitration if they could not agree. In the meantime Bruce was ordered to pay Shirley alimony of $1746 per month. The decree provided that, "[A]fter the execution of the lease the Court shall be advised of its terms and the amount of alimony will be modified or confirmed as shall be determined by the Court or agreed to by the parties."

The parties subsequently agreed on a lease requiring rent of $425 per month.

On April 7, 1977, after a hearing on various problems which had arisen between the parties subsequent to the original decree, the court entered its supplementary decree fixing alimony at $500 per month.

Bruce appealed from the supplementary decree, contending no alimony should have been ordered. Shirley purported to cross-appeal from both the supplementary and original decrees.

If Shirley was obliged to appeal from the original decree within 30 days after it was entered, her cross-appeal from it is too late. This is because an appeal must be taken within 30 days from the entry of the order, judgment or decree appealed from. A cross-appeal may be taken within the same 30 days or within five days after the appeal is taken. Rule 5(a), Rules of Appellate Procedure. Only final orders may be appealed unless permission for interlocutory appeal is granted. Rule 1, R. App. P.; *Lunday v. Vogelmann,* 213 N.W.2d 904, 906 (Iowa 1973).

An appeal which is not taken within 30 days of final order, judgment or decree is untimely, and this court is without jurisdiction to hear it. *In re Marriage of Mantz,* 266 N.W.2d 758 (Iowa), filed June 28, 1978.

The *Shipley* holding is that a decree which dissolves a marriage but reserves a subsidiary issue for future determination is nevertheless a final decree for purposes of appeal. 182 N.W.2d at 129 ("the whole

decree should nonetheless be held to go into effect when passed and be appealable, including the provision for change").

Shirley argues a party in her position should have the right to appeal an original decree both within 30 days after it is entered and within 30 days after it is supplemented. In effect she suggests *Shipley* added a right of appeal and did not overrule *Jackson*.

The problem which the court attempted to resolve in *Jackson* and again in *Shipley* is created by dissolution decrees in which issues are reserved. We stated our disapproval of such decrees in *Shipley*. We do so again. Although we do not foreclose the possibility they may exist, we do not foresee circumstances in which a dissolution court is justified in issuing its decree piecemeal.

■ Our rules contemplate one final decree. A marriage may be dissolved only once. *Shipley* says the final decree is the one in which the marriage is terminated. If review of the provisions of that decree is desired, appeal must be taken within 30 days of its entry. If the decree is supplemented by later decree, only the supplementary decree may then be appealed. A supplementary decree which decides an issue reserved in the original decree is procedurally analogous to an order modifying a decree upon application. *Jackson* remains viable only to the extent it holds the supplementary decree is appealable; otherwise it has been overruled by *Shipley*.

This means a party appealing from a supplementary decree may challenge only its provisions. It does not mean, however, that the appellate court has its hands tied in fashioning the relief which may be justified if the appeal is meritorious. Granting appropriate relief when one provision of a decree is successfully challenged may require changing other provisions in certain cases.

For example, the child custody and child support provisions of a decree are interdependent. A change of custody will ordinarily require a change in the child support

provision. Economic provisions of a decree may also be so closely related that a change in one will either require or justify a change in another.

Such a relationship may exist between alimony and property division provisions. Although they are distinguishable and have different purposes, they are still closely related in the matter of determining amounts to be allowed. *In re Marriage of Novak,* 220 N.W.2d 592, 597 (Iowa 1974).

In the present case the appeal from the original decree is untimely. Therefore we have no jurisdiction over Shirley's assignments of error relating to provisions of that decree. Accordingly we may not review the challenge to the child custody or property awards. However, we have jurisdiction of the assignments of error relating to the supplementary decree, including the alimony award. If a change in alimony is necessary and justifies a change in property division as well, we are not precluded from making both changes.

II. *The merits of the supplementary decree.* Three provisions of the supplementary decree are involved in the appeal and cross-appeal. In appealing, Bruce contends no alimony should have been awarded; in cross-appealing, Shirley alleges the alimony award is too low, the trial court should not have discharged Bruce's unpaid temporary alimony obligation by allowing certain offsets and more liberal visitation rights should have been established.

■ No useful purpose would be served in setting out all the facts bearing on these issues. We agree with the Court of Appeals that the trial court's order relating to unpaid alimony and visitation rights should be affirmed. We also agree Bruce's contention Shirley is not entitled to alimony is unmeritorious.

■ However, contrary to the holding of the Court of Appeals, we find merit in Shirley's contention the alimony award is inadequate.

Because of their close relationship, we consider the adequacy of the alimony award in light of the property division. The prin-

**210**

cipal assets of the parties are a farm and office building. The only evidence of their value offered at trial consisted of widely-varying and poorly-supported assertions by the parties. The trial court estimated the value of the net assets at more than $400,000. Considering the weakness of the evidence on both sides, we think the court did the best it could to adjust the property rights of the parties on an approximately equal basis in awarding the farm to Bruce and the office building to Shirley, subjecting the building to a $75,000 non-interest bearing lien in Bruce's favor.

However, this sense of equity was not reflected in the final award of alimony. The court found Bruce's income from the practice of dentistry was approximately $50,000 annually. We think the record supports this finding even though the earnings fell off somewhat in 1976. The principal reason for the decline was Bruce's two-month absence from practice with a back problem which the record does not show can be expected to recur.

Bruce has at least five times the earnings Shirley could achieve as a dental assistant. In sixteen years of marriage they worked together and contributed equally to their success. We conclude the relevant factors show an alimony award of $1000 per month is justified and the supplementary decree should be modified accordingly. In all other respects it is affirmed. We have no reason to disturb the property division.

AFFIRMED ON THE APPEAL; MODIFIED AND AFFIRMED ON THE CROSS–APPEAL.