In re the MARRIAGE OF George D. KEITH and Katinka M. Keith.

Upon the Petition of George D. Keith, Appellee,

And Concerning Katinka M. Keith, Appellant.

No. 93–505.

Court of Appeals of Iowa.

Jan. 25, 1994.

Roberta Rae Gilbert and Harry W. Zanville of Zanville and Zimmerman, Waterloo, for appellant.

Fredrick G. White of the Fredrick G. White Law Office, Waterloo, for appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SCHLEGEL, Presiding Judge.

The respondent, Katinka M. Keith, appeals the district court's judgment granting a dissolution of marriage on the basis of tax benefits before the remainder of the issues had been addressed. Katinka claims that as a result her remedial rights to recover for interspousal torts were destroyed. Katinka maintains the district court erred in destroying her rights to recover for interspousal torts solely so that a tax benefit could be preserved.

George Keith, a Waterloo lawyer, filed a petition for dissolution of marriage from his wife, Katinka Keith. On December 4, 1992, George filed a motion for judgment on the pleadings, claiming that if a divorce was not received prior to January 1, 1993, both he and Katinka would have to pay significantly more in income tax liability. The motion requested that the issues regarding the division of property be reserved for a later date. Katinka resisted the motion. Upon hearing before the district court on December 21, 1992, the district court granted the motion for judgment on the pleadings, reserving the economic issues for a later date, stating:

2. All marital assets shall be preserved by the parties except those expenses reasonable and necessary for the parties to incur to maintain their standard of living.

Petitioner shall prepare and submit to respondent's attorney testamentary documents for his review pending the final disposition of marital assets. The court retains jurisdiction over all assets of the parties and neither party shall make an adverse disposition of those assets or rights in those assets and the parties acknowledge that all rights to the marital assets shall be submitted as issues for the court's consideration at the time of the final hearing.

Following that order, Katinka filed a motion under Iowa Rule of Civil Procedure 179(b) asking for reconsideration of the court's order of December 21, 1992, and asking that the court's findings and conclusions be enlarged and amended. Specifically, that motion proposed the following solution to its criticisms of the procedure employed by the court in ruling on the motion for judgment on the pleadings:

1. The request to enter judgment dissolving the marriage was solely for the purposes of preserving or creating tax advantage to the parties, if, in fact, that was the intent of the court.

2. The court make a specific finding it has retained jurisdiction of all other issues which have or could be raised pursuant to Chapter 598, Code of Iowa.

3. The court should define what standard of living it intends the parties should maintain (or not exceed) pending the final disposition of the case, and that it should specifically describe the property that is not to be encumbered by the parties.

Hearing was held upon the respondent's rule 179(b) motion, at which counsel for the parties outlined their intentions as to the motion before the court and the interpretation by counsel and the court of the intent of the prior order and decree. It appeared that counsel for the respondent had prepared a proposed order and submitted it to counsel for the petitioner, wherein respondent sought to specify the details that she desired be protected in the court's prior order. As a part of that hearing, the following exchange occurred:

THE COURT: I guess I should indicate for the record that I was—I can certainly understand if respondent doesn't agree with my ruling initially in December; but I also thought we made it abundantly clear on the record that all other rights were reserved under [Iowa Code chapter] 598 and that nothing was to be encumbered and people—normal and reasonable lifestyles; but am I incorrect is there some misunderstanding?

MR. WHITE (counsel for petitioner, George Keith): No. That's right. I think that was the testimony.

MR. ZANVILLE (counsel for respondent, Katinka Keith): I had the disadvantage, Judge, of not being here at the time and I simply had a reading to do of what the order said.

\* \* \* \* \* \*

THE COURT: Well, I don't have any trouble preserving the respondent's rights. I don't know what it is—I think everything flows from 598; but if I am incorrect, I would be happy to try and address that.

MR. ZANVILLE: I'll give you an example. One example would be interspousal torts. The right to sue for interspousal torts is terminated when a Dissolution is entered. That is not something that is covered by 598 but that is the common law of the State of Iowa.

▌ Counsel for both parties agreed that the court should reserve all matters covered by Iowa Code chapter 598 concerning property rights, alimony, and other matters. Counsel for the respondent urged that the order should be amended to cover, not only statutory matters, but also rights created by common law. Counsel for petitioner agreed that the order should reserve all statutory rights, but would not agree that the order should preserve common law rights as well. The court agreed with counsel for the petitioner and declined to amend the order to reserve common law rights. The court interpreted its prior order to reserve all rights under chapter 598 and did not amend it to include common law rights that might exist. The district court's order provided, in part:

1. Although the court has dissolved the marriage, it has retained jurisdiction of all

other issues which have or could be raised pursuant to Chapter 598 of the Code.

2. In all other respects, the respondent's motion is denied.

Katinka appeals, and we affirm as modified. Our standard of review in equity proceedings is de novo. Iowa R.App. P. 4.

■ Although there has been no indication of what the potential tort claim might be, both George and Katinka believe that unless the court's order specifically reserves the claim, it is extinguished. It is argued that such claims are not covered by Iowa Code section 598.20. That section provides:

> When a dissolution of marriage is decreed the parties shall forfeit all rights acquired by marriage which are not specifically preserved in the decree.

It is difficult to think of tort claims that constitute "rights acquired by marriage." Perhaps there are some, even though the tort of alienation of affections has been abrogated. That tort was not one brought against a spouse, it was brought against the person said to have alienated the affections of the wife or husband.

While we are left to guess at the cause of action Katinka *may* later claim to have against George, we do not believe the trial court, in ruling upon the rule 179(b) motion, cut off Katinka's right to pursue any tort claim she might have against George. Katinka has not specified the claim she may have against George, but we believe she preserved any rights she had to pursue any claim, at least until the final determination of the division of property. We make no decision as to whether she has any cause of action resulting from any tort claim against George. We specifically hold that her right to pursue any tort claim against George is preserved until the final property disposition of the parties.

■ While Katinka claims error of the court in entering judgment on the pleadings and requiring piecemeal disposition of the case, she does not ask that the decree be set aside. She concludes her brief only with the request that upon the court's de novo review, it modify the judgment to preserve her interspousal tort action against George. While we do not approve of the piecemeal disposi-

tion of dissolution actions, we do not set aside the decree entered by the court, reserving the rights to all assets and the disposition of the assets until the final hearing.

The Iowa Supreme Court has asserted its displeasure with piecemeal disposition of dissolutions. *In re Petition of Fenchel,* 268 N.W.2d 207 (Iowa 1978). As illustrated by that case, and as shown by the present appeal, in order to protect the rights of the parties, appeal of the decree reserving the other aspects of the case must be taken. *Id.* at 209. The final decree is the one in which the marriage is terminated. This makes the further determination of the rights of the parties a supplemental decree, which is "procedurally analogous to an order modifying a decree upon application." *Id.*

We modify the trial court's order only to the extent that all matters covered by Iowa Code chapter 598 are preserved until the final disposition of the case by the district court. The determination of whether the right to pursue any interspousal tort exists is preserved until the final determination of the property settlement and other matters. The dissolution of marriage ordered in the initial decree is affirmed. We do not decide, at this time, whether an interspousal tort is an asset that must be preserved. That issue must be decided upon the determination of the propriety of the final distribution to be made in the dissolution in what should be referred to as a supplementary decree.

George's counsel has referred to matters apparently not a part of the record of this appeal. We admonish counsel to refrain from such violations of the rules of appellate procedure. We are limited to the record before us and any matters outside the record on appeal are disregarded.

The costs of this appeal are taxed to George.

**AFFIRMED AS MODIFIED.**

OXBERGER, C.J., takes no part.