# IN THE COURT OF APPEALS OF IOWA

No. 15-1013
Filed August 19, 2015

**IN THE INTEREST OF Y.R.,**
**Minor Child,**

**M.K., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

The mother appeals the juvenile court's termination of her parental rights to her child, Y.R. **AFFIRMED.**

Amy Dollash of the Public Defender's Office, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Lance Heeren, Assistant County Attorney, for appellee State.

Julie Trachta of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, J.**

The mother appeals the juvenile court's termination of her parental rights to her child, Y.R. The mother argues the juvenile court improperly terminated her rights under Iowa Code section 232.116(1)(b) and (e) (2013). She further asserts she should be granted additional time to work towards reunification and termination is not in the child's best interests. Given the mother did not appeal the juvenile court's termination of her rights pursuant to Iowa Code section 232.116(1)(h), we affirm termination on that ground. Moreover, based on the mother's past criminal behavior and lack of progress with regard to resolving her substance abuse issues, the court properly concluded she should not be granted additional time and termination is in the child's best interest. Consequently, we affirm the juvenile court's order terminating the mother's parental rights.

Y.R., born in March 2012, came to the attention of the department of human services (DHS) on January 2, 2014, due to allegations of denial of critical care.[1] Upon execution of a search warrant on January 26, police discovered the remnants of a methamphetamine lab in the mother's residence. Y.R.'s three siblings were present at the time and were immediately removed from the home, and voluntarily placed with family friends. Y.R. was not present at the time, as she was at the residence of her maternal grandfather.[2] All children were placed in the custody of DHS with a removal order filed on January 27. They were adjudicated in need of assistance (CINA) on February 7, 2014.

---

[1] The mother and her other children have been involved with DHS since October 2007.
[2] Y.R. was initially placed with her maternal aunt. However, Y.R. was removed from that home and subsequently placed in family foster care, where she remained at the time of the termination hearing.

Following the search of her residence on January 26, the mother, along with her current paramour, fled, and the mother did not surrender to police until March 2014. The mother pleaded guilty to manufacturing methamphetamine and child endangerment; on July 16, 2014, she was sentenced to a term of imprisonment that was suspended, and she was placed on probation with mandatory treatment at a half-way program. She violated probation on two occasions and was sent to jail different times during the pendency of this proceeding. The juvenile court noted this proved a barrier to reunification, given the mother had only visited the children twenty times in the fourteen months leading up to the termination hearing. The mother's other criminal history includes convictions for theft, once in 2010 and once in 2013; interference with official acts in 2010; and disorderly conduct, also in 2010.

The mother has severe substance abuse issues. The record shows the mother is addicted to heroin, methamphetamine, and synthetic marijuana. She has been in and out of inpatient drug treatment programs throughout the pendency of these proceedings; however, she has not demonstrated progress with regard to resolving her substance abuse issues. She has also been diagnosed with bipolar disorder, oppositional defiant disorder, obsessive compulsive disorder, and an anxiety disorder. She has been prescribed medications, but it is unknown if the mother is taking them appropriately. She did not complete a mental health evaluation in connection with these proceedings.

The State petitioned to terminate the mother's parental rights on December 16, 2014. A contested hearing was held on March 23 and April 20, 2015, in which the mother testified. On June 1, 2015, the juvenile court ordered

the mother's parental rights terminated pursuant to Iowa Code section 232.116(1)(b), (e), and (h), as to Y.R.[3] The mother appeals the court's termination of her parental rights to Y.R., though she does not contest the court's conclusion her rights could be terminated under paragraph (h).

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.* When the juvenile court terminates parental rights on more than one statutory ground, we only need find grounds to terminate under one of the sections cited by the juvenile court to affirm. *Id.*

To terminate parental rights under paragraph (h), the State must prove the child is three years old or younger, adjudicated CINA, removed from the home for six of the last twelve months, and cannot be returned home at the present time. *See* Iowa Code § 232.116(1)(h). The mother does not contest the juvenile court's conclusion the State satisfied its burden and established the mother's rights should be terminated under this paragraph. Consequently, any argument in this regard is waived. *See* Iowa R. App. P. 6.903(2)(g)(3); *see also In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We therefore affirm the court's termination of the mother's parental rights pursuant to paragraph (h). *See S.R.*, 600 N.W.2d at 64 (noting the appellate court need only cite one ground on which to affirm a termination).

---

[3] The court also terminated the mother's rights to her other three children; however, she does not appeal those orders.

However, the mother asserts she should be granted additional time to work towards reunification. She states her progress to date has demonstrated that, if given more time, she could resume care of Y.R., and that she is currently in a better position to parent Y.R.[4] We do not agree. Y.R. has been out of the mother's care since January 2014. The mother has also been in and out of jail and substance abuse programs throughout the pendency of these proceedings, yet she continues to abuse drugs and violate her probation. "We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). Given the mother's actions, and her lack of ability to resolve her issues, she should not be granted additional time. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (noting that, in determining the future actions of the parent, her past conduct is instructive).

The mother further argues termination is not in Y.R.'s best interests due to the parent-child bond, as well as Y.R.'s bond with her siblings. It is true Y.R. shares a bond with her siblings; however, the juvenile court noted Y.R. will have "minimal, if any, trauma from remaining separated from her siblings." The record supports this conclusion. Additionally, though Y.R. and the mother have a bond, it is not a strong one, as the mother has not maintained consistent contact. Nor

---

[4] In her brief, the mother argues she is in a better position to care for Y.R. and relies on facts that occurred subsequent to the termination hearing in support of this claim. However, these facts were not before the juvenile court. Thus, they are not part of the record, and we cannot consider the mother's assertions on appeal. *See In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992) (noting the court could not consider statements made outside the record); *In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994) (disregarding any matters outside the record on appeal).

can the mother blame this weaker bond on the fact she was incarcerated. *See In re J.S.*, 470 N.W.2d 48, 51 (Iowa Ct. App. 1991). Moreover, this bond is not enough to overcome the fact the mother has unresolved substance abuse, mental health, and criminal issues, which render termination of her parental rights to Y.R. in the child's best interest. *See* Iowa Code § 232.116(2). Consequently, we affirm the order of the juvenile court terminating the mother's parental rights to Y.R.

**AFFIRMED.**