# IN THE COURT OF APPEALS OF IOWA

No. 14-1519
Filed September 10, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL WAYNE HOLTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

A defendant claims the district court abused its discretion by refusing to modify a no-contact order. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Kelli Huser, Assistant Attorneys General, Carlyle Dalen, County Attorney, and Rachel A. Ginbey, Assistant County Attorney, for appellee.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**MULLINS, J.**

Michael Holton appeals from the orders of final judgment and sentencing. In his brief on appeal, he argues the district court abused its discretion in failing to modify the no-contact order after defense counsel told the court the victim desired to modify the no-contact order. Holton also includes in his argument facts and proceedings that occurred after the sentencing hearing, and facts and proceedings that occurred after he filed his notice of appeal.

Holton was charged with domestic abuse assault, and a no-contact order was issued on July 30, 2014. On August 19, Holton entered a written guilty plea to the amended charge of domestic abuse assault, second offense. At the sentencing hearing on September 2, 2014, Holton's attorney requested modification of the no-contact order to allow Holton to communicate with the victim concerning the child they had together and concerning her scheduled C-section in October for the birth of another child. When the sentencing judge asked Holton if he wished to say anything before the court decided on what the sentence should be, he said, "No." After reciting numerous factors, including the seriousness of the offense and concerns for the safety of the victim, the court sentenced him to a jail term, suspended a portion of the term, and placed him on probation with conditions of probation to include placement at a residential facility. The court extended the no-contact order for one year and declined to modify its terms.

At that point, defense counsel asked the court if it was aware the victim wished the no-contact order be terminated. The court said it was not aware of

that fact but also said it did not consider termination appropriate. The court advised a further hearing could be held on that issue at a later time. When informed the victim was in the hallway and could provide information, the court maintained it was not a good idea. The court explained:

> So we can see how things go, but this is a very serious allegation and she's pregnant. And there's a reason for this order, which is to protect her; and so I certainly understand that there may be some things that she's relayed to your attorney, but I don't think it's a good idea. And we can take that up at a later time.

Holton filed his notice of appeal on September 12, 2014. The parties' briefs and the appendix include references to a contempt order filed September 15 and the victim's written application to modify the no-contact order filed September 17. Events which occurred after September 12, 2014, are beyond the scope of the proper record on appeal. *See In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa 1994) ("We are limited to the record before us and any matters outside the record on appeal are disregarded."). The only matters from which an appeal was taken are the judgment and sentencing on September 2, 2014, "and all adverse rulings therein," which we interpret to include the September 2 "Extension of No-Contact Order" entered by the court following the sentencing hearing. *See State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002) (refusing to consider the defendant's appeal claims regarding the terms and conditions of the appeal bond where the district court's order reviewing the appeal bond was filed after the notice of appeal and no separate notice of appeal was filed from the appeal bond order); *see also Iowa State Bank & Trust Co. v.*

*Michel*, 683 N.W.2d 95, 110 (Iowa 2004) (noting rulings filed after the notice of appeal on collateral issues must be separately appealed to be reviewed).

Our review of the court's denial of Holton's request for modification of the no-contact order made at the sentencing hearing is for an abuse of discretion. *See* Iowa Code § 664A.5 (Supp. 2014) (providing a court shall modify or terminate a temporary no-contact order upon a defendant's plea of guilty to certain offenses and stating the court may enter a no-contact order or continue the temporary order for a period of five years). The court recited on the record its reasons for extending the no-contact order and declining to modify it at the time of sentencing. Holton claims the court abused its discretion by failing to honor the victim's request or inviting the victim into the courtroom to be heard. The court clearly exercised discretion. We consider any remarks made by Holton's counsel as arguments made on behalf of Holton. Neither Holton nor his counsel represented the victim or should be allowed to represent her interests in these proceedings. The court did not abuse its discretion when explaining to Holton the reasons for declining to modify the no-contact order.

**AFFIRMED.**