# IN THE COURT OF APPEALS OF IOWA

No. 18-1191
Filed May 1, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RODNEY LEWIS COCKHREN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M.

Lekar, Judge.

Rodney Cockhren appeals his conviction after pleading guilty to burglary in

the second degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Robert P.

Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and Doyle, JJ.

**VOGEL, Chief Judge.**

Rodney Cockhren appeals his conviction and sentence after he entered into an *Alford*[1] plea for second-degree burglary. He claims he received ineffective assistance of counsel because his counsel allowed him to enter into the *Alford* plea despite a lack of factual basis for the plea. We find Cockhren may not rely on the additional minutes of evidence that were filed after his notice of appeal and find counsel was not ineffective because a factual basis exists for the plea.

## I. Background Facts and Proceedings

On March 24, 2018, Cockhren attempted to see his ex-girlfriend at her residence. The two had previously lived together, but their five-month relationship and cohabitation ended one month prior to the March visit. The night of March 24, the ex-girlfriend reported Cockhren broke down her door, entered the residence, and strangled her. Cockhren was arrested and charged with burglary, two counts of domestic assault, and criminal mischief.

On July 6, Cockhren entered an *Alford* plea for burglary in the second degree, in violation of Iowa Code section 713.5 (2018), and pled guilty to domestic abuse assault by impeding the air or blood flow of another and causing bodily injury, in violation of Iowa Code section 708.2A(5); criminal mischief in the third degree, in violation of Iowa Code section 716.1; and domestic abuse assault causing bodily injury or mental illness, in violation of Iowa Code section 708.2A(2)(b). He was sentenced to periods of incarceration not to exceed ten years for the burglary offense, five years for one domestic-abuse-assault offense,

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting a defendant to plead guilty to a crime without admitting participation in the underlying facts that constitute the crime).

two years for the criminal-mischief offense, and one year for the second domestic-abuse-assault offense, all to be served concurrently. Cockhren filed his notice of appeal on July 11.

The State filed additional minutes of evidence on July 25.[2] On November 26, the State moved to strike Cockhren's brief, arguing Cockhren could not rely on the additional minutes since it was filed after he appealed. Cockhren resisted the motion and claimed the additional minutes should be part of the record for many reasons. An order from our supreme court was filed on January 11, 2019, instructing the parties to brief the issue regarding the additional minutes of evidence.

## II. Standard of Review

"A claim of ineffective assistance of counsel requires a de novo review because the claim is derived from the Sixth Amendment of the United States Constitution." *Bowman v. State*, 710 N.W.2d 200, 204 (Iowa 2006). This includes ineffective-assistance claims stemming from claims a guilty plea lacked a factual basis. *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001). "Claims of ineffective assistance of counsel are generally preserved for postconviction relief proceedings. Where the record is adequate to address the issue, however, such claims will be considered on direct appeal." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

---

[2] The reason for the late filing is not in the record.

### III. Additional Minutes of Evidence

Cockhren argues the additional minutes of evidence are part of the record because the depositions were taken and the transcripts were completed before he appealed, his trial counsel would have known of the evidence when Cockhren pled guilty, and the State intended the minutes to be part of the record by filing them. The State asserts the additional minutes are not part of the record because the minutes were filed after Cockhren filed his notice of appeal. Therefore, the State claims his reliance on the minutes in his brief is inappropriate.

"Notice of appeal from a judgment permits the appealing party to raise all issues properly preserved." *State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002). Generally, the filing of a notice of appeal deprives the district court of jurisdiction for any case progression after the point of filing. *See Iowa State Bank & Trust Co. v. Michel*, 683 N.W.2d 95, 110 (Iowa 2004). Cockhren filed his notice of appeal on July 11, and the State filed the additional minutes on July 25. To be part of the record, Cockhren needed to file an amended notice of appeal or a subsequent appeal. *See Formaro*, 638 N.W.2d at 727 (finding the defendant had improperly appealed a bail issue because he relied on his notice of appeal that was filed before the district court ruled on the bail issue). Because he did neither, we find the additional minutes are not part of the record. *See In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994) ("We are limited to the record before us and any matters outside the record on appeal are disregarded.").

### IV. Ineffective Assistance of Counsel

Cockhren claims his counsel was ineffective by allowing him to enter an *Alford* plea when there was no factual basis for the second-degree burglary

offense. To prevail on an ineffective-assistance claim, the claimant must show counsel failed to perform an essential duty and such failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *Schminkey*, 597 N.W.2d at 788 (Iowa 1999). Moreover, "[p]rejudice in such a case is inherent." *Id.* "In deciding whether a factual basis exists, we consider the entire record before the district court at the guilty plea hearing . . . ." *Id.*

Cockhren specifically asserts there is a lack of a factual basis for one element of burglary[3]—his right to occupy the residence had expired. Cockhren claims his name on the lease along with the ex-girlfriend's initials indicate he had a right to occupy the residence. He also points to the additional minutes of evidence to support his ineffective-assistance claim; however, as previously discussed, the additional minutes are not part of the record.

According to the record before us, Cockhren moved out of the residence and his parole officer forbade him from visiting or residing there. Cockhren even told his parole officer he had moved in with his sister. About one month after moving out, on March 24, Cockhren attempted to contact his ex-girlfriend by phone without success as she was ignoring him. He then knocked on his ex-girlfriend's

---

[3] Iowa Code section 713.1 provides, burglary occurs when
> [a]ny person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being opened to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired . . . .

door for about one hour before kicking in the door and strangling her. Our supreme court has held "that whether one has a right or privilege to enter property is not determined solely by his or her ownership interest in the property," and "the focus under our burglary statute is on whether the defendant had any possessory or occupancy interest in the premises *at the time of entry*." *State v. Hagedorn*, 679 N.W.2d 666, 670 (Iowa 2004) (emphasis added). Cockhren was not a "tenant" on the lease but was only listed as someone who could "use" the residence. Regardless of whether Cockhren's name on the lease made him a resident or an authorized guest at one time, at the time of entry on March 24, he did not have a possessory or occupancy interest. *See id.* He had moved out of the residence, allegedly moved in with his sister, did not have a key to the residence, and the current occupant, his ex-girlfriend, did not want him to enter the residence. *See id.* at 671 (finding a husband did not have an absolute right to enter a marital home after he moved out when he and his wife separated). Therefore, we find Cockhren's counsel was not ineffective because the factual basis to support his *Alford* plea included that Cockhren had "no right, license or privilege" to enter the ex-girlfriend's residence.

## V. Conclusion

We find Cockhren may not rely on the additional minutes of evidence filed after his notice of appeal and conclude counsel was not ineffective in allowing him to enter into an *Alford* plea.

**AFFIRMED.**