**IN THE COURT OF APPEALS OF IOWA**

No. 19-2143
Filed June 17, 2020

**IN THE INTEREST OF N.K. and E.K.,**
**Minor Children,**

**A.M., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Benton County, Barbara H. Liesveld,

District Associate Judge.


        A mother appeals the termination of her parental rights to her children.

**AFFIRMED.**


        Geneva L. Williams of Williams Law Office, PLLC, Cedar Rapids, for

appellant mother.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

        Melody J. Butz of Butz Law Offices, PC, Center Point, attorney and guardian

ad litem for minor children.


        Considered by Bower, C.J., Greer, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**SCOTT, Senior Judge.**

A mother appeals the termination of her parental rights to her two children, born in 2008 and 2013.[1] She challenges the sufficiency of the evidence supporting the grounds for termination cited by the juvenile court, argues termination is contrary to the children's best interests given the parent-child bonds, and maintains she should be allowed additional time to work toward reunification.

Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the children, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the children's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011); *see also* Iowa Code § 232.116(2) (2019).

The juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(f) and (*l*). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). As to termination under section 232.116(1)(f), the mother only challenges the State's establishment of the final element of that provision—that the children could not be returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4) (requiring clear and convincing evidence that the children cannot be returned to parental custody at the present time); *D.W.*, 791 N.W.2d at 707 (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").

---

[1] The father's rights were also terminated. He does not appeal.

Our de novo review of the record[2] discloses the following pertinent facts. The mother has a long history of substance and alcohol abuse, which has resulted in several criminal convictions and intervention by the Iowa Department of Human Services (DHS). This time around, in early 2018, the family came to the attention of DHS due to domestic violence in the home. The children remained in the parents' care but were adjudicated in need of assistance. The children were removed from the parents' care in July 2018 as a result of drug use by the father. The mother progressed to semi-supervised visits in February 2019, which evolved into a trial home placement in late May. However, the placement was terminated in July after the mother was arrested in late June on drug-possession and child-endangerment charges stemming from a traffic stop of a vehicle in which the mother and children were passengers. Visits reverted to fully supervised. The State petitioned for termination of the mother's parental rights shortly thereafter. The mother progressed back to semi-supervised visits in October, roughly a month before the termination hearing. The visits again reverted to fully supervised in early

---

[2] The mother variously references another child-welfare matter involving her oldest child, a teenage daughter, not involved in this appeal, in which the mother purports the daughter was returned to her custody after termination of her parental rights to the children in interest. Because that matter is not part of the record on appeal, we do not consider it or any of the mother's references thereto. *See* Iowa R. App. P. 6.801 ("Only the original documents and exhibits filed in the district court case from which the appeal is taken, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court constitute the record on appeal."); *In re M.M.*, 483 N.W.2d 812, 815 (Iowa 1992) ("We limit our review to the record made in the termination proceeding involving [the child in interest]."); *In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994) ("[C]ounsel has referred to matters apparently not a part of the record of this appeal. We admonish counsel to refrain from such violations of the rules of appellate procedure. We are limited to the record before us and any matters outside the record on appeal are disregarded.").

November, when, during a visit, the mother exhibited signs of impairment and called one of the children a "dick."

Upon the foregoing facts, we agree with the juvenile court that clear and convincing evidence showed the children could not be returned to the mother's custody at the time of the termination hearing. Throughout the proceedings, the mother waxed and waned with her progress toward reunification. At the time of the termination hearing, the mother had, again, recently waned in her progress, having had her visits reverted to fully supervised as a result of exhibiting signs of impairment and being combative with the service provider during a visit. Simply stated, we are unable to conclude the mother could have gone from only being allowed fully-supervised visitation to having these two children in her care on a full-time basis. While one service provider testified he had no concerns regarding the mother's ability to care for the children, he was only involved in the case for a short period of time and was not involved when the mother's visitations were reverted to fully supervised. We find the evidence sufficient to support termination under Iowa Code section 232.116(1)(f).

We turn to the children's best interests. The mother argues termination is contrary to the best interests of the children, *see* Iowa Code § 232.116(2), due to the closeness of the parent-child bonds. *See id.* § 232.116(3)(c). We choose to separately address the best-interests and statutory-exception issues. *See In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2019) (discussing the three-step termination framework).

In determining whether termination is in the best interests of children, we "give primary consideration to the child[ren]'s safety, to the best placement for

furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). The mother has simply not progressed to a point at which her children can be returned to her care. While the mother frequently tested negative for drugs, she was inconsistent in attending random drug screens. Furthermore, the mother's substance of choice is alcohol, and the mother agrees she is an alcoholic. Concerns for the mother's sobriety continued at the time of the termination hearing, and those concerns were the primary factor in reverting the mother's visitation to fully supervised.

"It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will . . . be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010)). We conclude the mother has been given ample time to get her affairs in order and these children's best interests are best served by providing permanency and stability now. *See id.* at 778 ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))).

To the extent the mother requests application of the statutory exception to termination contained in section 232.116(3)(c), we first note the application of the statutory exceptions to termination is "permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). Upon our de novo review, we find the evidence insufficient to show

"termination would be detrimental to the child[ren] . . . due to the closeness of the parent-child relationship[s]." *See A.S.*, 906 N.W.2d at 476 (noting a parent bears the burden to establish an exception to termination). In fact, the older child has expressed fear of being in his mother's care unsupervised and has stated his desire to be adopted. Alternatively, we conclude application of the exception would be contrary to the children's best interests, which is our principal concern. *See J.E.*, 723 N.W.2d at 798.

Finally, the mother requests additional time to work toward reunification. If, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a child in need of assistance, the court may enter an order in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period."

Upon our de novo review, we are unable to make such a finding. The mother has a long history of substance and alcohol abuse, coupled with a history of short periods of sobriety followed by relapse. The children were initially removed in July 2018. It took the mother in the neighborhood of seven months to progress beyond fully-supervised visits. After another two months, a trial home placement was initiated, but it lasted only a little over a month due to the mother's poor decisions. After another three months, the mother again progressed to semi-supervised visits, but the situation was short-lived, and she reverted to full supervision shortly before the termination hearing due to her showing signs of

impairment during a visit.  Given the mother's track record, we find nothing in the record to support a conclusion the need for removal would no longer exist after six months, and we thus conclude an extension is unwarranted.

We conclude the State met its burden for termination, termination is in the children's best interests, the requested statutory exception to termination should not be applied, and additional time for reunification is unwarranted.  We affirm the termination of the mother's parental rights.

**AFFIRMED.**