# IN THE COURT OF APPEALS OF IOWA

No. 20-0909
Filed October 7, 2020

**IN THE INTEREST OF S.A., G.H., and F.B.,**
**Minor Children,**

**A.H., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, District Associate Judge.

The mother appeals the termination of her parental rights to three of her children. **AFFIRMED.**

Eric J. Palmer of Palmer Law Office, Oskaloosa, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Denise McKelvie Gonyea of McKelvie Law Office, Grinnell, attorney and guardian ad litem for minor children.

Considered by Doyle, P.J., Greer, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**GREER, Judge.**

The mother appeals the termination of her parental rights to three of her children, G.H., born in 2010; S.A., born in 2013; and F.B., born in 2018.[1]  The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (G.H. and S.A.), (h) (F.B.), and (*l*) (all three children) (2020). She maintains the court was wrong to find the children could not be returned to her care at the time of the termination hearing or, in the alternative, maintains that an additional period of time would correct the situation and allow for reunification.  Our review of termination proceedings is de novo.  *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992).

To begin, we note the mother's petition on appeal incorporates a number of "facts" that are not in the record before us and, to the extent they happened at all, would have taken place after the final day of the termination hearing on March 16, 2020.[2]  "We limit our review to the record made in the termination proceeding involving" the children at interest.  *Id.* at 815; *accord* Iowa R. App. P. 6.801 ("Only the original documents and exhibits filed in the district court case from which the appeal is taken, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court

---

[1] These children do not share biological fathers.  The State did not petition to terminate the rights of S.A.'s father; S.A. was in his father's custody at the conclusion of these termination proceedings.  G.H.'s father is deceased.  And the rights of F.B.'s father were terminated in these same proceedings; he does not appeal.

[2] The mother, who was due to give birth to her fourth child by Cesarean section the day after the close of the termination hearing, makes claims about the birth of the child and the negative drug tests that occurred at the child's birth, that the child has remained in the mother's custody, and housing the mother obtained after the close of the record.

constitute the record on appeal."). And we remind counsel that it is a violation of the rules of appellate procedure to refer to matters outside of the record. *See In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994) ("[C]ounsel has referred to matters apparently not a part of the record of this appeal. We admonish counsel to refrain from such violations of the rules of appellate procedure. We are limited to the record before us and any matters outside the record on appeal are disregarded.").

Next, we question whether the mother preserved an argument that the children could have been returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4), (h)(4). At the hearing, the mother focused her testimony on wanting more time so she could reunite with her children in the future. In his closing argument, her attorney outlined the progress the mother had made and then said, "I think she has made the progress that certainly warrants giving her additional time to retain or get her children back." The mother never expressly claimed the children could be returned to her at the time and, in our reading between the lines, it does not seem she implicitly contested the issue either. "[T]he general rule that appellate arguments must first be raised in the trial court applies to [child-in-need-of-assistance] and termination of parental rights cases." *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

Insofar as the mother preserved this issue for appeal, we conclude the children could not be returned to the mother's care at the time of the termination hearing. The mother claimed she was living with the children's maternal uncle. This claim was not credible, as the uncle told at least one person the mother had moved out and the children's maternal grandmother had recently visited the

uncle's home and noted none of the mother's stuff was present. The lack of concrete information about the mother's residence remained a concern. But even if the mother was staying with the maternal uncle, she acknowledged his two-bedroom home was not large enough for the uncle, his fiancé, and child as well as the mother, her three children at issue, and the one she was then pregnant with. The mother had established short-term sobriety at the time of the termination hearing—about six months. But she also maintained sobriety during her pregnancy with F.B. and then returned to using methamphetamine after the child's birth. The mother's participation in substance abuse-treatment, even during this period of sobriety, was relatively minimal; she missed all but three of about forty group sessions she was recommended to attend. And her substance-abuse counselor, who seemed enthusiastic about the mother and testified she was "doing well" and had "absolutely" made progress acknowledged that the mother is in the "contemplation" stage and has only "made minimal changes." The counselor testified the mother has "a ways to go." The children could not be safely returned to the mother's care at the time of the termination hearing. *See M.M.*, 483 N.W.2d at 814 ("[A] child cannot be returned to the parent under Iowa Code section 232.102 if by doing so the child will be exposed to any harm amounting to a new child in need of assistance adjudication.").

The mother maintains that an additional period of time would correct the situation and allow for reunification. We assume she is requesting an extension pursuant to section 232.104(2)(b), which allows the court to delay permanency and continue the placement of the children for six months if it concludes "that the need for removal of the child from the child's home will no longer exist at the end of the

additional six-month period." The mother made some progress in the six months leading up to the termination hearing. She began attending mental-health and substance-abuse counseling and she established a period of sobriety.

Still, between August 2019—when the mother appeared to commit to achieving progress—and March 2020—the final date of the termination hearing— the mother had just three therapy sessions with her mental-health counselor. She attended almost all of her individual sessions with her substance-abuse counselor (eight, including the intake session) but only three of about forty group sessions. And while her substance-abuse counselor seemed encouraged by the mother's consistency in making her individual appointments, the counselor also recognized the mother was still in the contemplation stage of recovery and had a long way to go. The mother testified that she had a new mindset about the father of the child she was pregnant with, but just a few months before she had asked for the no-contact order between them to be dropped. And her family members testified they were still receiving reports from friends and family in the community that the mother was spending time with this man.

At the time of the termination hearing the mother seemed to be making some positive strides; we commend her for that and hope she is able to maintain the progress. But her children had already been removed from her care for fourteen months, and we cannot say another six months would allow them to safely return to her care. We affirm the termination of the mother's parental rights to these three children.

**AFFIRMED.**