# IN THE COURT OF APPEALS OF IOWA

No. 20-0716
Filed March 3, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**EVAN BLAKE WOOTEN,**
    Defendant-Appellant.

_____

    Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.


    Evan Wooten appeals the sentence imposed upon his criminal conviction.

**AFFIRMED.**


    Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

    Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


    Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Pursuant to a plea agreement that included reduction of charges, Evan Wooten pleaded guilty to burglary in the third degree. After being sentenced to a term of incarceration, he appeals the sentence.[1] He argues the sentencing court abused its discretion when it imposed the maximum unsuspended indeterminate term of imprisonment "without specifying the reasons for the sentence." *See State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) ("We review sentencing decisions for an abuse of discretion when the sentence is within the statutory limits."); *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983) (holding a sentencing court rarely abuses its discretion when sentencing within statutory limits unless the trial court fails to exercise its discretion or considers inappropriate matters).

Wooten seems to suggest the court failed to consider the statutory sentencing factors contained in Iowa Code section 907.5(1) (2019). While Wooten discusses his age, criminal history, employment circumstances, family circumstances, mental-health and substance-abuse history, and upbringing, he does not state which factor the court allegedly failed to consider. In his sentencing recommendation, defense counsel highlighted Wooten's age, "tragic beginning[s]," mental-health disorders, and employment circumstances. In his statement of allocution, Wooten homed in on his remorse, employment circumstances, participation in substance-abuse programming, and family circumstances. The presentence investigation report detailed Wooten's age, extensive criminal history,

---

[1] The State agrees Wooten has "good cause" to appeal because he is challenging the sentence imposed instead of his guilty plea. *See* Iowa Code § 814.6(1)(a)(3) (Supp. 2019); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

employment circumstances, chaotic upbringing, family dynamics, substance-abuse history, and "extensive history of mental health problems."

In pronouncing sentence, the court noted it had "listened carefully to all of the information that has been made available to [it] by both parties and the presentence investigation report." Balancing that information with "the nature and extent of Mr. Wooten's criminal conviction history," "the nature and circumstances of the pending offense," and "protection of the community," the court denied Wooten's request for a suspended sentence. The record affirmatively establishes the court considered the section 907.5(1) factors Wooten seems to suggest it did not. Even if the court failed to address every mitigating factor, it was not "required to specifically acknowledge each claim of mitigation urged by the defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Wooten goes on to claim the court failed to give consideration to "other factors as are appropriate." *See* Iowa Code § 907.5(1)(g). He only claims "consideration should be given to the disposition of Wooten's co-defendant," who Wooten alleges pled guilty to the same crime but received a suspended sentence.[2] However, that claim is based solely on matters outside the record on appeal and we are generally unable to consider them *See* Iowa R. App. P. 6.801 ("Only the original documents and exhibits filed in the district court case from which the appeal is taken, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court constitute the record on appeal."); *In re M.M.*, 483 N.W.2d 812, 815 (Iowa 1992)

---

[2] Wooten and his co-defendant were charged in a single trial information but in separate criminal cases.

("We limit our review to the record made [below]."); *In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994) ("[C]ounsel has referred to matters apparently not a part of the record of this appeal. We admonish counsel to refrain from such violations of the rules of appellate procedure. We are limited to the record before us and any matters outside the record on appeal are disregarded."). While counsel for Wooten has included documents filed in the co-defendant's case in the appendix and referred to them in briefing,[3] they were not part of the district court record and their inclusion in the appendix and reference to them in briefs is inappropriate. *See* Iowa R. App. P. 6.905(1)(b) (restricting contents of appendix to "parts of the district court record"). We thus do not consider them.[4] In any event, according to Wooten, his co-defendant was sentenced after Wooten, so the co-defendant's sentence was not a fact that existed at the time Wooten was sentenced. Failure to consider a fact that did not exist at the time of sentencing does not amount to an abuse of discretion.

Lastly, Wooten claims his receipt of an unsuspended sentence amounts to an equal protection violation in light of his co-defendant's receipt of a suspended sentence. This claim is also based on matters outside the record on appeal, and we decline to consider it.

---

[3] Counsel has also surveyed the co-defendant's criminal history as allegedly found on "Iowa Courts Online."

[4] In his reply brief, Wooten mounts an argument in support of his claim that "it is proper for this court to take judicial notice of the file from [his] co-defendant." While judicial notice may be taken on appeal, the general rule is that it is inappropriate "to consider or take judicial notice of records of the same court in a different proceeding without an agreement of the parties." *State v. Washington*, 832 N.W.2d 650, 655–56 (Iowa 2013). We have no agreement here, so we decline Wooten's request.

Finding no cause for reversal on the issues and matters properly presented for our review, we affirm the sentence imposed by the district court.

**AFFIRMED.**