## IN THE COURT OF APPEALS OF IOWA

No. 23-1485
Filed November 8, 2023

**IN THE INTEREST OF T.M. and M.C.-M.,**
**Minor Children,**

**T.M., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant mother.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney General, for appellee State.

Michelle Marie Jungers of Jungers Law PLLC, Waterloo, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

A mother appeals the termination of her parental rights to two children—born in 2014 and 2015—under Iowa Code section 232.116(1)(b), (e), (f), and (g) (2023). Following our de novo review, *see In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022), we address each of her arguments in turn.[1]

First, while the mother purports to challenge the sufficiency of the evidence supporting three of the grounds for termination, she offers no substantive argument to support such a challenge.[2] We therefore consider those arguments waived. *See* Iowa R. App. P. 6.903(2)(g)(3). And the mother does not challenge termination under section 232.116(1)(b), which authorizes termination upon clear and convincing evidence of abandonment or desertion. Indeed, the mother agrees she has been "unavailable for the children" and "was not having regular contact with" them. So, either way, "we affirm on the unchallenged ground." *In re A.W.*, No. 23-1125, 2023 WL 6290680, at *1 (Iowa Ct. App. Sept. 27, 2023).

Second, the mother complains that the Iowa Department of Health and Human Services did not hold a Solution Focused Meeting or complete home

---

[1] While this appeal was pending, the mother filed a letter with the clerk of the appellate courts. To the extent that letter references matters outside the record on appeal, we do not consider it. *See* Iowa R. App. P. 6.801 ("Only the original documents and exhibits filed in the district court case from which the appeal is taken, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court constitute the record on appeal."); *In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994) ("We are limited to the record before us and any matters outside the record on appeal are disregarded.").

[2] The mother's sole argument heading in her petition on appeal states "the court erred in finding, under sections 232.116(1)(e), (f), and (g)–that clear and convincing evidence existed that the parental rights of the mother should have been terminated." The substance of the mother's argument does not build on that statement.

studies on out-of-state relatives.[3]  If this is a claim that the department failed to make reasonable efforts at reunification, paragraph (b) of section 232.116(1) does not implicate the reasonable-efforts requirement.  *See In re M.D.*, No. 19-1912, 2020 WL 567320, at *1 (Iowa Ct. App. Feb. 5, 2020) (collecting cases); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).  And the mother does not address how completion of these steps would have led to reunification. *See C.B.*, 611 N.W.2d at 493 (noting the reasonable-efforts requirement is intended to facilitate the return of "the child to the child's home as quickly as possible consistent with the best interests of the child" (citation omitted)).

Third, the mother makes a bare-bones request to defer permanency. Pointing to her participation in substance-abuse and mental-health treatment, she argues "[a]dditional time with a deferral of permanency is in the children's best interests to allow [the mother] to stabilize and show the skills necessary to be a safe and secure placement for the children."

Additional time is appropriate only if we can conclude "the need for removal . . . will no longer exist at the end of the additional six-month period."  Iowa Code § 232.104(2)(b).  Considering the backdrop shown by a de novo review, we cannot reach such a conclusion.  By the termination hearing in August 2023, the children had been removed from the mother's custody for roughly sixteen months. They were initially removed because of the mother's significant alcohol abuse. Then concerns arose for her mental health and housing instability.  The mother

---

[3] We rejected the same complaints in the mother's appeal of the termination of her parental rights to a younger child.  *See In re P.-C.M.*, No. 23-0863, 2023 WL 5092694, at *2 (Iowa Ct. App. Aug. 9, 2023).

didn't take meaningful steps to address any of those issues. Her parental rights were terminated to a younger child—who was removed at the same time but statutorily entitled to expedited permanency due to his age—in May 2023. We recently affirmed termination of the mother's rights to that child. *See generally P.-C.M.*, 2023 WL 5092694, at *1. The mother disappeared for several months after the termination hearing for the youngest child in March. According to the mother's attorney at the August termination hearing, the mother was "in a drug treatment program" in Minnesota, "getting an appointment at a place for mental health services," and participating in voluntary services in Minnesota for her unborn child. Even assuming the mother was doing these things, it was all in a controlled, inpatient setting. Given her record, she would need to demonstrate sobriety and stability in the community for an extended period of time before the children could be placed in her custody, certainly longer than six months. *See, e.g.*, *In re A.C.*, No. 23-0526, 2023 WL 3612371, at *2 (Iowa Ct. App. May 24, 2023). So we conclude additional time is not warranted.

Finally, "we must also consider whether the further delay is in [the children's] best interests." *In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021). The children fear the mother and the prospect of someday returning to her custody. Echoing her report that was admitted as evidence, the court-appointed special advocate explained the children "continue to be afraid, as in like to the point of terrified, whenever their mother's name comes up, . . . consistently throughout the life of this case that, you know, from being hit and beat and stabbed and left without food and all of the things that have happened in their young lives." On the other hand, the children are integrated into their foster placements and want to remain there.

*See* Iowa Code § 232.116(2)(b). We conclude allowing the mother more time would be contrary to the children's best interests, and we affirm the termination of her parental rights.

**AFFIRMED.**